# ZUELLY ET AL. v. CASPER ET AL.

[No. 7,066.   Filed November 4, 1910.]

1. APPEAL. — *Record.* — *Complaint.* — *Excluding by Certiorari.*—
Where appellees desire by a writ of *certiorari* to prevent the con-
sideration of the complaint copied into the transcript, asserting
that it was not a copy thereof, a return to such writ purporting
to modify a transcript "made out and certified" on November 4,
does not modify the transcript, where it was certified on a differ-
ent date. p. 431.

2. APPEAL.—*Briefs.*—*Statement of Issues.*—*Waiver.*—Where appel-
lants, in their brief, set out what the issues were, and the appel-
lees, with unimportant exceptions, agree therewith, appellees' con-
tention that the complaint was not properly copied into the trans-
cript is waived.   p. 432.

3. APPEAL.—*Transcript.*—*Complaint.*—*Correctness of.*—*Certiorari.*
—A clerk's return to a writ of *certiorari,* merely showing that
the complaint, as certified in the transcript, was copied from a
copy, and failing to show that the transcript was incorrect, and
there being no claim that the transcript was false, will not dis-
credit the complaint set out in the transcript.   p. 432.

4. PAYMENT.—*Application.*—*Limitation of Actions.*—Where an
action was brought by the board of commissioners against a
county auditor in April, 1899, based upon a previous demand, an
alleged settlement of all claims not barred by the statute of limi-
tations being made in May, 1900, the court in a subsequent suit
by taxpayers to recover the balance due will apply the amount
paid in settlement to the oldest and most precarious items.   p. 433.

5. LIMITATION OF ACTIONS.—*Illegal Fees.*—*County Auditors.*—The
six-year statute of limitations, as against the recovery of illegal
fees from a county auditor, ceases to run at the commencement of
an action therefor.   p. 434.

6. OFFICERS.—*Illegal Fees.*—*Auditors.*—*Procuring Boards of Com-
missioners to Violate Duty.*—*Estoppel.*—A county auditor that
procures a board of commissioners to violate its duty in settling
with him for illegal fees paid to him, is estopped to claim any
advantage secured thereby.   p. 434.

7. LIMITATION OF ACTIONS.—*Dismissal of Action.*—*Bringing New
Action.*— *Statute.*— *Boards of Commissioners.*— *Taxpayers.* —
Where a board of commissioners brought an action against a
county auditor to recover illegal fees paid to him, and he effects
a settlement with such board in violation of law, a suit by the
taxpayers to recover such fees constitutes a continuation of the
former action (§301 Burns 1908, §299 R. S 1881).   p. 434.

8. ACTION.—*Parties.—Substitution.—Boards of Commissioners.—Taxpayers.*—Where a board of commissioners fails or refuses further to prosecute an action against a county auditor for the recovery of illegal fees, taxpayers, upon motion, may be substituted for such board, or they may commence another suit, either method being considered as a continuation of the first action. p. 435.

9. OFFICERS.—*Auditors.—Fees and Salaries.—Claims for Fees instead of Salary.*—Where a county auditor filed a claim for fees, where his compensation consisted solely of a salary, an allowance of part or all of such claim is unlawful. p. 435.

10. OFFICERS.—*Indebtedness to County.—Subsequent Allowance of Salary.—Legality of.*—It is unlawful for the board of commissioners to allow an officer salary so long as he is indebted to the county. p. 435.

From Perry Circuit Court; *C. W. Cook,* Judge.

Suit by Adolph Zuelly and others against Martin F. Casper and another. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*John W. Ewing* and *Sol. H. Esarey,* for appellants.
*W. T. Zenor, E. M. Swan, W. C. Mason* and *M. D. Casper,* for appellees.

ROBY, J.—Appellants were plaintiffs below. The case was heard by the court without a jury. Special findings of facts were made and conclusions of law in favor of defendants were stated thereon and judgment rendered accordingly. The assignment that the court erred in overruling appellants' motion for a new trial presents the question for decision. Appellees interpose certain objections to the record, which, if sustained, would prevent further consideration of the appeal. It is insisted that the record does not contain a copy of the complaint. The certificate is in regular form and the contention is based upon the return to the writ of *certiorari,* which is supposed to modify it. The return does not, however, modify the original transcript or the certificate thereto. It purports to modify a transcript "made out and certified by me in this case on the 4th day of November, 1908." The

certificate and transcript which appellants bring to this court bear a different date. Appellants' brief states what the issues were as follows: "The complaint alleged that defendant Casper, while auditor, collected certain illegal fees—setting them out in detail—and that he refused, upon demand made by the board, to repay them; that such fees were collected in the years 1891 to 1898, inclusive; that on May 8, 1900, he repaid on said illegal fees the sum of $1,425.77; that defendant board refuses to collect such money, and that there is due to plaintiffs $7,633.74, for which a decree is prayed.

The complaint consists of four specifications: The first is on the theory of extortion, the second, money had and received for the benefit of the county, the third, a retention of the money as a continuing trust in favor of the county, and the fourth, a plain open account.

Appellees' statement under the same heading is as follows: "Again, these are substantially stated in appellants' brief at pages 2 and 3, except in the statement therein made in reference to the plea of payment and statute of limitations No. 6, where, instead of the statement 'Payment of claims prior to June, 1894,' the following should be inserted: 'Payment of claims after June 1, 1894,' and statute of limitations as to prior claims. With this correction we see no further objection to appellants' statement of issues."

The record contains a copy of what purports to be the complaint in the cause. It conforms to the description of that pleading agreed upon by the parties. The clerk certifies that it is a true copy. His return to the writ of *certiorari,* if it be accepted as responsive notwithstanding the defect therein before indicated, does not falsify his original certificate. Neither he nor any other person has suggested that the record does not contain a true copy of the complaint. His return relates only to the method by which such copy was obtained from a copy of

the original. The record and return taken together establish the fact that the record contains a true copy of the original complaint. This objection, with others of similar nature, was heretofore presented by motion, which motion was briefed and given due consideration. The motion was overruled, and that ruling is still satisfactory.

Appellee Casper was auditor of Perry county from December, 1890, until December, 1898. The suit is brought to recover alleged illegal fees taken by him while such officer. This is the fourth time that the subject-matter has been presented on appeal. The litigation presents many remarkable features and ought to be, if it is not, in a class by itself. *Board, etc., v. Gardner* (1900), 155 Ind. 165; *Zuelly v. Casper* (1903), 160 Ind. 455; *Zuelly v. Casper* (1906), 37 Ind. App. 186.

The judgment rests upon the statute of limitations. The trial court is said to have excluded all these items originating six years or more before the filing of the complaint. It also credited defendant Casper with the full amount of salary to which he would have been entitled during his two terms. The board of commissioners on April 19, 1899, instituted an action against him, in which it sought to recover the same illegal allowances which are involved herein, a demand for them having been made prior thereto. This cause was continued until May 8, 1900, when the board undertook to settle with said appellee, and in consideration of $1,425.77 executed to him a full receipt and release thereof. Appellants as taxpayers of the county at once attacked the settlement and in the litigation which ensued were successful in establishing the invalidity thereof. *Zuelly r. Casper* (1906), 37 Ind. App. 186.

The trial court has also credited appellee Casper with the full amount of the payment then made. That is to say, the statute of limitations was made to cover fifteen months to which it did not apply in the action brought by the board,

and the payment made in attempted settlement of the claim
for the greater amount was wholly applied to the discharge
of the lesser amount. It is in evidence from appellee Cas-
per that the payment which he made was in settlement of
the items which accrued during said fifteen months. It is
manifest, therefore, that in so crediting said payment the
court deprived the county of that which had previously
been paid to it upon a then valid claim. The rule is that
the court will direct payments to be applied in such manner
as to give the creditor the best security for obligations re-
maining unpaid. *Brigham* v. *Dewald* (1893), 7 Ind. App.
115; 2 Am. and Eng. Ency. Law (2d ed.) 461.

The inaccuracy of application is incidental to the funda-
mental error. When the board of commissioners on April
18, 1899, filed a complaint to recover the amount due
5. to the county from such appellee, the statute of lim-
itations ceased to run in his favor. Its terms are:
"The following actions shall be commenced within six years
after the cause of action has accrued, and not afterward."
§294 Burns 1908, §292 R. S. 1881.

The action thus brought was dismissed after fifteen
months, in accordance with the settlement that the board
had no power to make. Appellants, as taxpayers
6. charging that such settlement was in fraud of the
real party in interest, procured it to be set aside in
order that said appellee might be compelled to satisfy the
identical demand made in said action. According to the
theory held by the trial court, this attempted settlement,
which had no efficacy to discharge the claim, accomplished
that result by indirection, and by suspending the action
wiped out a large portion of the claim.

If said appellee is entitled to any greater benefit from the
statute of limitations now than he was when this complaint
was filed by the board, it is because of his having
7. procured the board to violate its duty, and this he
cannot be permitted to do. Elementary principles

of law forbid it, and so does the statute. The proceeding is but a continuation of the prior one. Perry county is the beneficiary of them both, and is the real party in interest.

Appellees might, upon motion, have had the original action reinstated, and, by substitution of parties and pleadings, have removed all possible doubt on the subject, but the law regards that as done which should be done, and is not concerned as to forms.

Section 301 Burns 1908, §299 R. S. 1881, is exactly in point. It is as follows: "If, after the commencement of an action, the plaintiff fail therein, from any cause except negligence in the prosecution; or the action abate, or be defeated by the death of a party; or judgment be arrested or reversed on appeal, a new action may be brought within five years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."

The case filed did not fail through the negligence of the county, and there is, therefore, no statute under which said appellee is entitled to claim a limitation, except as he could have claimed on April 19, 1899.

There are further questions which will likely arise during a retrial, that, in view of the time this litigation has been pending, ought to be settled now. Said appellee did not make any claim for salary credits during the number of years following the salary act of 1895 (Acts 1895 p. 319), but did not file bills for fees to which he claimed he was entitled, and such bills were allowed. These allowances were not allowances of salary. The bills contain many items which are clearly illegal, and which were in excess of any possible amount due to him at that time as salary. He was not entitled to an allowance for salary "while he was owing the county, and the commissioners had no authority to make it." *Sudbury* v. *Board, etc.* (1901), 157 Ind. 446.

Said appellee will be entitled to credit on account of sal-

ary for such amount as was due each year after paying his indebtedness to the county.

The judgment is reversed and cause remanded, with instructions to sustain appellants' motion for a new trial, and for further consistent proceedings.