WARE *v.* WATERMAN, SPECIAL ADMR.

[No. 1168A194. Filed December 31, 1969.]

*Dalton C. McAlister, Adair, Perry, Beers, McAlister & Mallers,* of counsel, of Fort Wayne, for appellant.

*Hunt, Suedhoff & Wilks,* of Fort Wayne, for appellee.

SULLIVAN, J.—Appellant-plaintiff appeals here from a summary judgment entered below in favor of the appellee-defendant. Said judgment was as follows:

"Court having taken matter under advisement now sustains Defendant's Motion for Summary Judgment. It is therefore ordered and adjudged that the Plaintiff take nothing by his complaint. Costs taxed to the plaintiff."

Appellant assigns as error that:

"1. The Court erred in sustaining Appellee's Motion For Summary Judgment.
"2. The Court erred in failing to give its reasons for sustaining Appellee's Motion For Summary Judgment."

By reason of our decision concerning assignment of error No. 1, consideration of assignment No. 2 is not essential to the result[1]

---

1. We do not denigrate appellant's contention that *Harris v. Young Women's Christian Association* (1968), 250 Ind. 491, 237 N.E. 2d 242,

Since the crux of this appeal is the application of a statute of limitations, it is deemed appropriate to first set forth the proceedings and events deemed pertinent:

| | |
|---|---|
| March 11, 1964 | Automobile collision alleged to have caused injury to plaintiff-appellant. |
| July 8, 1965 | Robert P. Stearns died. |
| November 12, 1965 | Plaintiff-appellant, without knowledge of Stearns' death, filed suit against Stearns individually in Cause No. 91395 in the Allen Superior Court. |
| November 22, 1965 | Summons returned: "Robert P. Stearns not found in my bailiwick, deceased." |
| March 11, 1966 | Expiration of two year limitation for filing actions under Indiana Acts 1881 (Spec. Sess.), ch. 38, § 38, as amended, as found in Indiana Annotated Statutes § 2-602 (Burns Repl. 1967). |
| April 4, 1966 | Letters of special administration issued to Kenneth Waterman in the Estate of Robert P. Stearns, deceased. |
| April 13, 1966 | Court granted plaintiff's motion to substitute special administrator as party defendant in Cause No. 91395. |

and

"Amended" complaint filed in Cause No. 91395 against Special Administra-

---

is applicable. We merely suggest as does appellee that in the *Harris* case four separate defenses were presented by defendant's answer, one of which was not a valid defense and that by reason of the trial court's failure to specify the grounds for entry of summary judgment for defendant, the Supreme Court was unable to determine whether said judgment was premised upon a valid or invalid defense. We believe this to be the maximum extent of the *Harris* holding.

We might properly apply *Harris v. Young Women's Christian Association, supra,* to this appeal in order to remand with instructions to the trial court to enter of record its specific reasons for granting defendant-appellee's motion for summary judgment. Such result, however, would unduly prolong the proceedings. We therefore deem it more just and sensible to determine the cause upon its merits at this time.

tor and "alias" summons issued to sheriff for service upon said special administrator. Return of summons made.

| | |
|---|---|
| May 6, 1966 | Defendant filed plea in abatement Memo attached thereto cited Indiana Acts 1881 (Spec. Sess.), ch. 38, § 7, as amended and as found in Indiana Annotated Statutes § 2-403 (Burns Repl. 1967), and advised plaintiff that the alleged defect as cause for abatement could be cured by filing an original action against Kenneth Waterman, as special administrator. |
| January 8, 1967 | Expiration of eighteen (18) month period of limitation for filing action pursuant to Indiana Acts 1881 (Spec. Sess.), ch. 38, § 44, as found in Indiana Annotated Statutes § 2-607 (Burns Repl. 1967). |
| May 8, 1967 | Defendant's plea in abatement sustained. Action ordered abated (such order not appealed by plaintiff). |
| June 1, 1967 | "Original" action filed against Kenneth Waterman as special administrator in Cause No. 94611 also in Allen Superior Court. |
| August 17, 1967 | Defendant files answer in two paragraphs, the second of which raises the defense of the statute of limitations. |
| August 22, 1967 | Change of venue from Allen County granted. |
| September 20, 1967 | Venue perfected in Whitley County. |
| June 26, 1968 | Defendant filed motion for summary judgment. |
| August 21, 1968 | Motion for summary judgment sustained; judgment entered for defendant against plaintiff. |

At common law, causes of action for personal injury did not survive the death of the alleged tort-feasor. Remedial

legislation was effected in Indiana, however, to provide for survival of such causes against the personal representative of deceased alleged tort-feasors. Indiana Acts 1881 (Spec. Sess.), ch. 38, § 7, as amended and as found in Indiana Annotated Statutes § 2-403 (Burns Repl. 1967). Said statute, insofar as pertinent, reads as follows:

"All causes of action shall survive, and may be brought, notwithstanding the death of the person * * * liable to such action, by or against the representative of the deceased party * * *. If any action has been commenced against the decedent prior to his death, the same shall continue by substituting his personal representatives as in other actions surviving the defendant's death; in event the action be brought subsequent to the death of the party against whom the cause existed, then the same shall be prosecuted as other claims against said decedent's estate * * *"

It is admitted by the parties that the question here is whether plaintiff's action against Kenneth Waterman as special administrator was barred by an applicable statute of limitations. It is conceded by all concerned that the basic two year statute governing tort actions, being Indiana Acts 1881 (Spec. Sess.), ch. 38, § 38, as amended and as found in Indiana Statutes Annotated, § 2-602 (Burns Repl. 1967), is inapplicable. The question then is whether either Indiana Acts 1881 (Spec. Sess.), ch. 38, § 44, as found in Indiana Annotated Statutes § 2-607 (Burns Repl. 1967), or the Journey's Account statute,[2] being Indiana Acts 1881 (Spec. Sess.),

---

2. The history and rationale of "The Journey's Account" was articulated in *Pennsylvania Co. v. Good* (1913), 56 Ind. App. 562, 566, 103 N.E. 672, as follows:

"* * * At common law suits frequently failed of a decision on their merits on account of some matter of form. In such cases the plaintiff was permitted within a reasonable time to sue out a new writ and such renewal suit was deemed a continuation of the first. The time which was reasonable for such purpose was computed theoretically with reference to the number of days required for plaintiff to journey to the place where the court was held and hence the name 'Journey's Account.' (citations omitted) This ancient remedy is not now recognized in this country but in lieu thereof statutes have been passed in nearly all of the states providing for a renewal of actions which have failed on account of some matter not involving

ch. 38, § 45, as found in Indiana Annotated Statutes, § 2-608 (Burns Repl. 1967), or both are applicable so as to render erroneous the decision of the trial court barring plaintiff's cause of action.

Burns § 2-607, *supra,* reads as follows:

"If any person entitled to bring, or liable to any action, shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representatives and may be brought at any time after the expiration of the time limited, within eighteen [18] months after the death of such person."

Burns § 2-608, *supra,* reads as follows:

"If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, *or the action abate,* or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated." (Emphasis supplied)

In order for the Journey's Account statute, Burns § 2-608, *supra,* to be applicable it is necessary that an action must have been commenced timely and must have failed, abated or been defeated as specifically prescribed in said Act. We, therefore, must view the facts of this cause in order to determine whether an action was commenced within eighteen [18] months following the death of the alleged tort-feasor Robert P. Stearns as permitted by Burns § 2-607, *supra.*

It is appellee's position that since Burns § 2-403, *supra,* does not provide for the substitution of a personal representative in an action commenced against a decedent personally, but

the merits. These statutes do not contemplate a renewal or continuance of the former suit as at common law under Journey's Account, but that a new and distinct suit shall be commenced which shall be treated as a continuation of such former suit."

rather requires the institution of an original action against the personal representative, such personal representative could not properly be substituted in the action brought against the deceased. Appellee therefore argues that the proceedings of April 13, 1966, were of no force and effect and that accordingly no action was commenced against the personal representative prior to the institution of the direct action against him on June 1, 1967.[3]

The most basic maxim concerning when an action is commenced is that the filing of a complaint in the office of the clerk and the issuance of a summons thereon commences the action. Indiana Acts 1881 (Spec. Sess.), ch. 38, § 55, as found in Indiana Annotated Statutes § 2-802 (Burns Repl. 1967).

An action is not a cause number; it is not a piece of paper; it is not a caption on a complaint. It is most fundamentally an allegation or statement of cause in proper form for legal recovery or relief. See *Evans* v. *Evans* (1886), 105 Ind. 204 at 210, 5 N. E. 24; *Brewington* v. *Lowe* (1848), 1 Ind. 21 at 23.

On April 13, 1966, the act of "substitution" of Kenneth Waterman, Special Administrator, was done at the order and direction of the court, which order was as follows:

"Comes now the plaintiff and files Motion to Substitute Party Defendant, To Continue Cause against the said Substituted Party, and for an Order for Alias Process.

"And the Court, being duly advised in the premises, now finds that said Motion should be granted.

---

3. Appellee cites *Hawthorne v. State ex rel. Harper* (1877), 57 Ind. 286, for the proposition that this cause cannot be considered a continuance of an earlier action. To the contrary, the clear implication of the Hawthorne case is that a purported "amended" complaint by *or* against a party other than the original party is not in fact an amended complaint so as to constitute a continuation of the action as initially commenced. The *Hawthorne* opinion is, therefore, authority for our holding *infra*, that as to the new party, Kenneth Waterman, Special Administrator, the "amended" complaint filed April 13, 1966, was not a continuation of the action filed on November 12, 1965, but was an original complaint in an action which was thereafter abated.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that KENNETH WATERMAN, as Special Administrator of the Estate of ROBERT P. STEARNS, deceased, be, and he hereby is, substituted as Party Defendant in the within cause, that this action should continue as against the said Special Administrator, and that upon the filing of plaintiff's amended complaint, alias process be issued to the Sheriff of Allen County, Indiana, for service upon the said Special Administrator, returnable the 11th day of May, 1966."

Plaintiff complied with said order by filing a complaint denominated an amended complaint which, for the first time, stated and alleged a cause for recovery against Kenneth Waterman, as Special Administrator of the Estate of Robert P. Stearns, deceased. The plaintiff also in compliance with said order caused a summons, denominated an alias summons, to be issued against Waterman as Special Administrator. These acts and proceedings met all the requirements of the commencement of an action. It is well established that pleadings are to be construed and given effect according to their substance and content. The titles or labels placed thereon are not controlling and when such labels or titles are erroneous and in obvious contravention of the substance, they are to be disregarded. It cannot be plausibly argued that a complaint stating for the first time a cause for recovery against a decedent's estate as represented by a named special administrator is an "amended" complaint merely because it is filed under a cause number previously identifying an identical statement of cause for recovery against the decedent himself. As to the Special Administrator, the *only* party defendant to the action, the complaint is an original complaint. A summons issued pursuant to the filing of such complaint is an original summons despite its label as an alias summons. The fact that the "amended" complaint purports to have been filed in, and bears and the same cause number as, the original action commenced against Robert P. Stearns, individually and the fact that plaintiff may be

indebted to the clerk of the court for an additional filing fee does not alter the substance, nature or effect of the proceedings held and taken on April 13, 1966.

That plaintiff's cause of action filed June 1, 1967, falls within the purview of the Indiana Journey's Account statute, Burns § 2-608, *supra,* is a conclusion deemed mandatory not only by the clear and unambiguous language of said statute itself, but by reason of the purpose and policy considerations underlying remedial statutes of such nature.

The purpose and effect of a similar statute was well stated in *McKinney* v. *Springer* (1851), 3 Ind. 59, wherein the court, at page 63, said:

"* * * It is also said that the cause of action relied on in this suit could not have been a proper subject of chancery jurisdiction, and that the actions referred to in the proviso should be interpreted to mean actions whereof the courts in which they were brought had competent jurisdiction. To give it this construction would greatly cripple the effect of the proviso, and would defeat, in a great measure, the object the legislature seems to have had in view, namely, *if the plaintiff had made an effort to recover his debt by commencing an action within the limited time, but, owing to some error in the mode or form of bringing his suit, or in the proceedings, a proper judgment could not be rendered, and while he was prosecuting such an erroneous action the statute of limitations had run out—to give him sufficient additional time to commence a new suit.* * * *" (Emphasis supplied)

Such liberal construction has been consistently evident as in *Pennsylvania Co.* v. *Good* (1913), 56 Ind. App. 562, 566, 103 N. E. 672, wherein the court said:

"* * * The evident purpose of statutes such as ours is to reach those cases where a suit is brought and the plaintiff from some cause other than negligence in its prosecution fails to obtain a decision on the merits. (citation omitted) A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plaintiff cannot be said to 'fail' within the meaning of this statute unless he makes an unavailing effort to

succeed. If he makes such an effort in good faith and fails upon some question which does not involve the merits of his case, and, if such failure is not due to negligence in its prosecution, the statute may be held to apply * * *"

Likewise, in *Abele* v. *A. L. Dougherty Overseas, Inc.* (N. D. Ind. 1961), 192 F. Supp. 955, the Federal Court interpreted our Journey's Account statute and said at pages 956, 957:

"While Indiana has never passed on the question the more recent view seems to be that a Journey's Account statute will provide relief against the running of a contractually imposed limitation as well as against the running of a statute of limitations. (citations omitted)

"The defendant urges, however, that the plaintiff cannot avail himself of this statute since at the time the cause was dismissed in Ohio, he still had several months in which he could file suit before the two-year limitation came into effect. However, the case of *Jackson* v. *Prairie Oil & Gas Co.,* 1924, 115 Kan. 386, 222 P. 1114, cited by the defendant would not govern the present case since the statute there involved conditioned the right to refile the suit on the statute of limitations having expired before the first suit was dismissed. Since the Indiana statute contains no such provision, the proper result would seem to be to hold a person whose suit is dismissed on a technical ground is entitled to the full benefit of the saving statute. Indeed this seems to represent the majority position on this question. See Annotation, 'Time for New Action,' 83 A.L.R. 478 at page 486 (1933).

\* \* \*

"In view of this conflict and since Indiana has never passed on this question it is necessary to look to the background and purpose of this statute.

'This statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment [sic] on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.' (citation omitted)

This same spirit of liberality has marked the decisions of

Indiana, which have construed their Journey's Account statute. See *McKinney* v. *Springer*, 1851, 3 Ind. 59. * * *

* * *

"Therefore, in view of the liberal construction which Indiana has placed on this statute the only proper result would seem to be to hold that the Indiana Journey's Account statute applies to the present case. Accordingly, the motion for summary judgment should be denied."

See also *Zuelly* v. *Casper* (1910), 46 Ind. App. 430, 92 N. E. 785.

It should be further noted that the various limiting factors specifically enumerated in Burns § 2-608, *supra,* are set forth in the disjunctive so that qualification under any one of the situations there mentioned extends the limitation period pursuant to the statute.[4]

By reason of the foregoing, we hold that on April 13, 1966, an action was timely commenced against Kenneth Waterman, Special Administrator, which action was thereafter abated by order of the court for procedural reasons on May 8, 1967; that within five years thereafter, on June 1, 1967, plaintiff commenced a new action against the same party defendant for the same claim; that pursuant to Burns § 2-608, *supra,* said later action is deemed a continuation of the action begun April 13, 1966; and, that said later action is therefore within the time limitation set forth in said statute.

Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

Lowdermilk, P.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 253 N. E. 2d 708.

---

4. A comma separates the phrase "or the action abate" and the phrase "or be defeated by a death of a party." No comma appears following the word "defeated." It is only proper, therefore, to construe the two phrases as disjunctive alternatives and therefore separate and independent as if the statute read, "If the action abate [for any reason] or [if the action] be defeated by the death of a party * * * a new action may be brought within five (5) years after such determination."