CHARLES EVES ET UX. *v.* FORD MOTOR CO. ET AL.

[No. 771A122. Filed May 3, 1972. Rehearing denied June 1, 1972. Transfer denied February 15, 1973.]

*Bates and Ewers,* of Evansville, for appellants.

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, *Mc-Cray, Clark, Statham & McCray,* of Evansville, for appellee.

LOWDERMILK, J.—These actions come to us as two separate cases, but inasmuch as they grew out of the same accident and the facts pertaining to each are the same except as to the ownership of the truck and the driver at the time of the accident, we have, therefore, consolidated these causes and shall write upon them as one.

Charles Eves and Fern Eves are husband and wife and were, on the 7th day of October, 1968, occupants in a Ford truck pulling a house trailer, when the right front tire of the truck is alleged to have blown out, causing the truck and trailer to leave the road and in doing so the body of the truck, while in the process of the truck's turning over, became disengaged from the truck, with the occupants remaining in the body, as a result of which they sustained personal injuries and damages to the property of the plaintiffs-appellants, consisting of the truck and trailer.

Suits were filed in the United States District Court for the Southern District of Indiana on or about August 28, 1969, and in which suits an amended complaint was filed on May

8, 1970. On April 22, 1970, pursuant to pre-trial entry in the Federal Court, both plaintiffs and defendants stipulated that the court had jurisdiction over the subject matters and the parties involved in the action.

Subsequently, the causes were tried and at the close of plaintiffs' evidence in each case the court sustained the separate motions for directed verdict of each defendant on the ground that the court had no jurisdiction for the reason that the evidence in each case establishes less than the jurisdictional requirement under the law.

Thereafter, each of the plaintiffs filed their complaints for alleged damages as a result of the same accident, occurring on October 7, 1968, and for the same alleged reasons, as consolidated actions on March 1, 1971 in the Vanderburgh Circuit Court against the defendants-appellees herein.

In the State court defendant-appellee Ford filed answer to each complaint asserting five separate defenses and separate motions for summary judgment, with support thereon. Defendant-appellee National Cooperatives, Inc. filed similar answers and motions for summary judgment in each case in the State court.

On April 23, 1971, the Vanderburgh Circuit Court entered its judgment in favor of the defendants in each case.

Plaintiffs-appellants filed in their respective cases the same motion to correct errors, which is in the words and figures as follows, to-wit:

"1. The Judgment is not supported by sufficient evidence upon all necessary elements of defense.

"2. The Judgment is contrary to the evidence in the following respects:

"(a) There is no proof that the Statute of Limitations ran upon the Plaintiff's claim, but on the contrary the evidence clearly indicates that the Statute of Limitations was tolled by the filing of Cause No. EV 69-C-69 in the United States District Court, Southern District of Indiana, Evansville Division entitled Charles Eves vs. Ford Motor Company and

National Cooperatives, Inc. on or about February 25, 1970. [sic—actually August 28, 1969.]

"(b) This cause of action is still pending in the United States Court of Appeals for the Seventh Circuit.

"3. The judgment is contrary to law upon the following grounds:

"(a) The entry of October 20, 1970 in the United States District Court, Southern District of Indiana in Cause No. EV 69-C-69 Entitled Charles Eves vs. Ford Motor Company and National Cooperatives, Inc. unequivocally holds that the Court was without jurisdiction, and in doing so, the lawsuit resulted in a nullity or no contest by operation of law. It was error for this Court to hold that the entry of October 20, 1970 in the United States District Court was res judicata and bars Plaintiff cause of action before this court.

"(b) On February 25, 1970 [August 28, 1969] Plaintiff timely filed his lawsuit within the Statute of Limitations in the United States District Court, Southern District of Indiana. The Defendants' admitted jurisdiction and the question of jurisdiction was not placed in issue until October 20, 1970, at which time, the Court itself made jurisdiction an issue. The Plaintiff was properly in the Federal Court without any question as to jurisdiction until the ruling of October 20, 1970. The judgment of the Court is erroneous in holding that the Statute of Limitations bars Plaintiff cause of action.

"4. The judgment is the result of abusive discretion. Plaintiff's claim was properly presented before the United States District Court with jurisdiction admitted as set forth in the Defendants' answers attached hereto and marked Exhibits "A" and "B" and the pre trial entry of April 22, 1970 attached hereto and marked Exhibit "C". The Defendants' admissions and stipulations as set forth in these exhibits clearly shows that no issue as to jurisdiction in the United States District Court existed until October 20, 1970, at which time the defendants made an about face and challenged the jurisdiction of the court and was sustained. The defendants waited until after the Statute of Limitations would have normally run before challenging jurisdiction. The court abused its discretion in holding that the Statute of Limitations is a bar to Plaintiff's claim presented in this court. Such a holding allows the defendants to advantage themselves through their own inconsistency."

(The memorandum in support of the motion to correct errors is omitted from this opinion.)

Defendants-appellees contend (1) that the statute of limitations had run on plaintiffs' claim; (2) the judgment of October 20, 1970, in the United States District Court was *res judicata*.

Plaintiffs contend that the judgment of the Federal Court can in no way act as *res judicata* as to plaintiffs' claim on the grounds that the Federal Court ruled it had no jurisdiction and if there is no jurisdiction the cause goes as a nullity by operation of law.

Plaintiffs-appellants further contend that the statute of limitations was tolled during the period of time their causes were before the United States District Court, with jurisdiction stipulated in the pre-trial and admitted in the answer to plaintiffs' complaints.

Defendants-appellees contend that plaintiffs-appellants' briefs do not comply with Rule AP. 8.3(A)(7), which pertains to the argument portion of their briefs. We are of the opinion that although the argument section of the briefs is not a model, that under the liberal interpretation of the Rules plaintiffs-appellants have discussed their points and cited authorities and that defendants-appellees' contention that the Rules have not been complied with is untenable.

We must agree with defendants-appellees that the documents in the Vanderburgh Circuit Court demonstrated that each plaintiff's claim arose on October 7, 1968, and almost identical complaints were filed in the Vanderburgh Circuit Court on March 1, 1971.

We further agree that the judgments of the Vanderburgh Circuit Court were entered on two separate grounds, (1) first, each plaintiff's cause of action was held to be barred by the two-year statute of limitations, and (2) the judgment of the United States District Court for the Southern District of Indiana is *res judicata* of the claims presented by plaintiffs'

complaints and constitutes a bar to the further prosecution of such claims against such defendants.

Plaintiffs-appellants did not file authority to sustain their contention that the statute of limitations was tolled during all the time their causes of action pended in the United States District Court. It is not necessary that we answer that contention as we have an applicable statute which covers this citation, namely, Ind. Stat. Ann. § 2-608 (Burns 1967 Replacement) :

> "New action after failure—Limitation.—If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."

The latest case we find in Indiana to guide us on this contention is the case of *Ware* v. *Waterman* (1969), 146 Ind. App. 237, 253 N. E. 2d 708. In *Ware*, a summary judgment was entered by the trial court in favor of the defendant-appellee. Plaintiff-appellant assigned as error:

> "* * *
>
> "2. The Court erred in failing to give its reasons for sustaining Appellee's Motion For Summary Judgment."

The crux of the appeal in *Ware* is the application of the statute of limitations.

In the case at bar we have heretofore set out the date of the accident and the divers dates of different pleadings and the fact that the suit brought in the Vanderburgh Circuit Court was brought more than two years after the date of the accident and damages allegedly sustained by the plaintiffs-appellants.

We have gone to this trouble because this court lacks precedent or rules to write memorandum opinions, but we

shall not unnecessarily burden this opinion with the facts of the *Ware* case, as the same can be readily ascertained from a reading of the case, except such facts as we deem necessary to make this opinion complete.

In the case at bar the question is whether the Journey's Account statute as heretofore set out is applicable so as to render erroneous a decision of the trial court barring plaintiffs' cause of action.

In *Ware,* Judge Sullivan said:

> "In order for the Journey's Account statute, Burns' § 2-608, *supra,* to be applicable it is necessary that an action must have been commenced timely and must have failed, abated or been defeated as specifically prescribed in said Act. We, therefore, must view the facts of this cause in order to determine whether an action was commenced within eighteen [18] months following the death of the alleged tort-feasor Robert P. Stearns as permitted by Burns § 2-607, *supra.*
>
> \* \* \*
>
> "That plaintiff's cause of action filed June 1, 1967, falls within the purview of the Indiana Journey's Account statute, Burns § 2-608, supra, is a conclusion deemed mandatory not only by the clear and unambiguous language of said statute itself, but by reason of the purpose and policy considerations underlying remedial statutes of such nature.
>
> "The purpose and effect of a similar statute was well stated in *McKinney* v. *Springer* (1851), 3 Ind. 59, wherein the court, at page 63, said:
>
> " '\* \* \* It is also said that the cause of action relied on in this suit could not have been a proper subject of chancery jurisdiction, and that the actions referred to in the proviso should be interpreted to mean actions whereof the courts in which they were brought had competent jurisdiction. To give it this construction would greatly cripple the effect of the proviso, and would defeat, in a great measure, the object the legislature seems to have had in view, namely, *if the plaintiff had made an effort to recover his debt by commencing an action within the limited time, but, owing to some error in the mode or form of bringing his suit, or in the proceedings, a proper judgment could not be rendered, and while he was prosecuting such an erroneous action the statute of limitations had run out—to give him sufficient*

*additional time to commence a new suit. * * \** (Emphasis supplied.)

"Such liberal construction has been consistently evident as in *Pennsylvania Co.* v. *Good* (1913), 56 Ind. App. 562, 566, 103 N. E. 672, 673, wherein the court said:

" '* * * The evident purpose of statutes such as ours is to reach those cases where a suit is brought, and the plaintiff, from some cause other than negligence in its prosecution, fails to obtain a decision on the merits. (citation omitted) A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plaintiff cannot be said to "fail" within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith, and fails upon some question which does not involve the merits of his case, and if such failure is not due to negligence in its prosecution, the statute may be held to apply. * * \**'

"Likewise, in *Abele* v. *A. L. Dougherty Overseas, Inc.* (N. D. Ind. 1961), 192 F. Supp. 955, the Federal Court interpreted our Journey's Account statute and said at pages 956, 957:

" 'While Indiana has never passed on the question the more recent view seems to be that a Journey's Account statute will provide relief against the running of a contractually imposed limitation as well as against the running of a statute of limitations. (citations omitted)

" 'The defendant urges, however, that the plaintiff cannot avail himself of this statute since at the time the cause was dismissed in Ohio, he still had several months in which he could file suit before the two-year limitation came into effect. However, the case of *Jackson* v. *Prairie Oil & Gas Co.* (1924), 115 Kan. 386, 222 P. 1114, cited by the defendant would not govern the present case since the statute there involved conditioned the right to refile the suit on the statute of limitations having expired before the first suit was dismissed. Since the Indiana statute contains no such provision, the proper result would seem to be to hold a person whose suit is dismissed on a technical ground is entitled to the full benefit of the saving statute. Indeed this seems to represent the majority position on the question. See Annotation, "Time for New Action," 83 A. L. R. 478 at page 486 (1933).

\* \* \*

" 'In view of this conflict and since Indiana has never passed on this question it is necessary to look to the background and purpose of this statute.

" ' "This statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment [sic] on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.' ". (citation omitted)

\* \* \*

"By reason of the foregoing, we hold that on April 13, 1966, an action was timely commenced against Kenneth Waterman, Special Administrator, which action was thereafter abated by order of the court for procedural reasons on May 8, 1967; that within five years thereafter, on June 1, 1967, plaintiff commenced a new action against the same party defendant for the same claim; that pursuant to Burns' § 2-608, *supra*, said later action is deemed a continuation of the action begun April 13, 1966; and, that said later action is therefore within the time limitation set forth in said statute.

"Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion."

Relying on the interpretation of the above Journey's Account statute and in view of the liberal construction which has been placed on this statute in Indiana, the only proper result would seem to be that the Indiana Journey's Account statute applies to the case at bar as well as it applied to the *Ware* case.

By reason of the foregoing, we hold that plaintiffs-appellants filed their respective causes of action in the United States District Court for the Southern District of Indiana at Evansville, Indiana, against the defendants-appellees, which action was thereafter abated by order of the court for jurisdictional reasons on October 20, 1970; that within five years thereafter, on March 1, 1971, plaintiffs-appellants commenced their separate new causes against the same defendants-appellees for the same claim; that pursuant

to Burns § 2-608, *supra,* said latter actions are deemed a continuation of the actions begun on the 28th day of August, 1969, in the United States District Court and that said latter actions are, therefore, within the time limitations set forth in said statute.

The second alleged error in the motion to correct errors is that the decision of the trial court was contrary to law for the reason that the judgment of the United States District Court for the Southern District of Indiana was not *res judicata* in relation to the plaintiff's claim and did not bar its prosecution in the State court.

From a reading of the entry for October 20, 1970, by the United States District Court, it is seen that the decision and judgment of the court was based upon a lack of jurisdiction. The pertinent portions of the judgment are in the words and figures as follows, to-wit:

"At the close of the plaintiffs' evidence in chief, each of the defendants filed their separate written motions for a directed verdict in each of the above captioned causes, and the Court having heard the argument of counsel and being duly advised in the premises now sustains the separate written motions for a directed verdict by the defendant Ford Motor Company in each of said causes and also sustains each of the separate written motions of the defendant National Cooperatives, Inc., for a directed verdict in each of said causes.

"And now at the close of the plaintiffs' evidence in chief, each of the defendants, separately and orally move the court to dismiss each of said above entitled causes of action as to each defendant separately, on the grounds that the evidence establishes that the claim of Charles Eves in said cause No. EV 69-C-69 does not amount to a sum in excess of $10,000 exclusive of interest and costs and the claim of Fern Eves in said Cause No. EV 70-C-20 does not amount to a sum in excess of $10,000, exclusive of interest and costs, and, therefore, the evidence in each case establishes less than the original jurisdictional requirement under the law, and the court having heard the arguments of counsel and being duly advised in the premises sustains each of these separate oral motions of each defendant in each of said causes.

And the court now enters judgment accordingly and the jury is discharged."

It was then ordered, adjudged and decreed by the court that neither of the plaintiffs take anything by way of their amended complaints against either defendant and that the amended complaint be dismissed as to each defendant and the costs of said action be assessed against each of the plaintiffs.

The defendants-appellees would have us believe that the judgment of the United States District Court was a judgment on the merits and that, therefore, this cause being in all respects the same as the cause of Charles Eves filed in Federal Court on August 28, 1969, under Cause No. EV 69-C-69 is the same as the case filed March 1, 1971, in the Vanderburgh Circuit Court.

As can be seen from the judgment of the trial court the attempt by the defendant-appellee is not altogether without a basis. However, this court in dealing with a very similar problem as late as December 13, 1971, in the case of *Cooper v. Co. Bd. of Rev. of Grant Co.* (1971), 150 Ind. App. 232, 276 N. E. 2d 533, 539, stated:

"The trial court granted both a Motion to Dismiss for lack of jurisdiction of the subject matter *and* for failure to state a claim upon which relief could be granted. It properly granted the Motion to Dismiss for lack of jurisdiction of the subject matter, but was without power to adjudicate whether the complaint failed to state a claim upon which relief could be granted. When the trial court determined that it had no jurisdiction over the subject matter of Cooper's case, it had no power to further adjudicate the question of whether or not the complaint stated a claim upon which relief could be granted. *Stewart v. United States*, (1952) (C. A. 7) 199 F. 2d 517; *Fisch v. General Motors Corp.* (1948) (C. A. 6) 169 F. 2d 266, cert. denied 335 U.S. 902, 69 S. Ct. 405, 93 L. Ed. 436.

"The judgment of the trial court is therefore moot[2] insofar as it pertains to the Rule TR. 12(B)(6) Motion to Dismiss."

"² A judgment on some matter which cannot have any practical, or legal, effect upon the controversy. (See Black's Law Dictionary (4th ed. p. 1159.))"

The *Fisch* case was one in which the trial court determined that it lacked jurisdiction and in affirming the trial court the 6th Circuit Court of Appeals stated:

"We cannot yield to plaintiffs' contention that the court's action on the motion to dismiss was premature. If it appeared to the satisfaction of the court *at any time* after the suits were brought that they did not really and substantially involve a dispute or controversy properly within its jurisdiction, *it was its duty to proceed no further and to dismiss the suit.* [Citing cases.] The court was not relieved of this duty by the presence of a constitutional question for the reason that the Constitution is the supreme law." (Our emphasis.)

Certainly if the Federal Court, once it determines that it lacks jurisdiction, cannot decide a question involving a Constitutional matter; another Federal Court once it has determined that it lacks subject matter jurisdiction may not go ahead and make a determination upon the merits. The judgment of the Federal District Court was proper with respect to the judgment that it lacked jurisdiction. It is always within a court's power *sue sponte* to raise the question of subject matter jurisdiction and determine the same. The court having determined that it lacked subject matter jurisdiction, its judgment upon the merits was erroneous, of no force and effect, and is now moot.

The judgment of the Federal Court was not a judgment on the merits and the case lacked the basic elements of *res judicata* which were set out by Judge Sharp of this court in the case of *Wright* v. *Kinnard* (1970), 147 Ind. App. 484, 262 N. E. 2d 196, 199 (cited by appellees):

"The basic elements of res adjudicata are fourfold: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was,

or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit; and (4) *judgment in the former suit must have been rendered on the merits.* [Citing cases.]" (Our emphasis.)

We further look to the Indiana Law Encyclopedia, as cited by appellants, to the Section of Courts in Volume 7 at pp. 406, § 1, 407, § 1, and 411, § 4, concerning the jurisdiction of courts and find that material helpful, but more particularly address ourselves to the materials found in Volume 17 of I. L. E. at § 341, page 385, wherein it is stated:

"In order that a judgment may operate as a bar to a subsequent action on the same cause of action, the proceedings leading up to the judgment must have afforded adequate opportunty for an investigation and determination of the merits, and the judgment must have been rendered on the merits. In general, a judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate facts or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions."

It is elementary, in our opinion, from a reading of the decision of the United States District Court that that court had jurisdiction to determine its jurisdiction and having determined that the case lacked the statutory required $10,000 minimum, the court lacked jurisdiction to render a decision on the merits of the case. This part of the record is surplusage and irrelevant.

The matters now in issue, since the Federal court never had jurisdiction, were never determined, nor could they have ever been determined in the former suit. Furthermore, the judgment in the former suit, as we have heretofore determined, was not rendered on the merits, but rather, on the jurisdiction of the case. Therefore, from a reading of the Indiana authorities, including *Wright* v. *Kinnard, supra,* it is seen that this cause had only one of the four basic elements which are necessary before *res judicata* will be determined

to be in full force and effect. The only element of those four elements which is present in this case is that "the particular controversy adjudicated in the former action must have been between the parties to the present suit."

The rest of the cases which were cited by the defendants-appellees are not in point for various reasons, primarily because they are either not of this jurisdiction, or the courts in the cases cited did have jurisdiction initially, did render a judgment upon the merits, or could have; and, therefore, are totally inapplicable to the present case.

For the reasons hereinabove stated, the judgment of the trial court is hereby reversed as to the granting of the summary judgments and the court is ordered to proceed with the trial of these consolidated causes in conformity with this opinion.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported in 281 N. E. 2d 826.