Donna J. VESOLOWSKI, Mother and Next Friend of Suzanne Vesolowski, a Disabled Minor, and Donna and Charles Vesolowski, Individually, Appellants (Plaintiffs Below),

v.

Walter A. REPAY, M.D., Appellee (Defendant Below).

No. 45A03–8603–CV–86.

Court of Appeals of Indiana,
Third District.

March 23, 1987.
Rehearing Denied May 7, 1987.

Gary K. Matthews, Enslen, Enslen & Matthews, Rubino & Padula, Hammond, for appellants.

David C. Jensen, Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, for appellee.

STATON, Judge.

Suzanne Vesolowski, by her mother and next friend, Donna Vesolowski, and Donna and Charles Vesolowski, individually, appeal the dismissal of their medical malpractice action against Dr. Walter A. Repay. The trial court dismissed the Vesolowski's complaint on the ground that it was time-barred pursuant to Indiana's medical malpractice act statute of limitations, at Ind. Code 16–9.5–3–1. The Vesolowskis raise one issue on appeal:

> Does Indiana's Journey's Account Statute, at IC 34–1–2–8, apply to medical malpractice actions?

We affirm.

Suzanne Vesolowski was born on January 3, 1975, with severe and permanent brain damage and motor and developmental disabilities. Repay was Donna Vesolowski's treating physician during Donna's pregnancy with Suzanne. On October 21, 1980, Donna filed suit in Illinois in Suzanne's behalf, alleging that Suzanne's brain damage resulted from various negligent acts or omissions of Repay, including the prescription of certain drugs, during Donna's pregnancy and labor. The Illinois court quashed serviced on Repay on December 23, 1981, thereby dismissing him from the action for lack of personal jurisdiction.

On May 11, 1985, in Illinois, the Vesolowskis filed an action for legal malpractice against the attorneys who had represented them against Repay. The defendant attorneys moved for dismissal on the ground that under Indiana's Journey's Account statute, IC 34–1–2–8, the Vesolowskis would still be able to file a medical malpractice action against Repay in Indiana. The Illinois court granted this dismissal on August 1, 1985.

On August 5, 1985, the Vesolowskis filed the instant medical malpractice action against Repay in Indiana, asserting that their claim was timely by virtue of the Journey's Account statute. Repay moved to dismiss on the ground the claim was time-barred, and the trial court dismissed the Vesolowski's complaint with prejudice. The Vesolowskis appeal this dismissal.

Under the statute of limitations set out in Indiana's medical malpractice act,

[n]o claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless *filed* within two (2) years from the date of the alleged act, omission or neglect except that a minor under the full age of six (6) years shall have until his eighth birthday in which to *file*. This section applies to all persons regardless of minority or other legal disability.

IC 16–9.5–3–1 (emphasis supplied). The trial court below dismissed the Vesolowskis' action against Repay because it was filed more than ten years after Suzanne was born.

Nonetheless, the Vesolowskis argue that Indiana's Journey's Account statute "saves" their claim against Repay. Repay argues that this statute does not apply. The Journey's Account statute provides as follows:

If, after the *commencement of an action*, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a *continuation* of the first, for the purposes herein contemplated.

IC 34–1–2–8 (emphasis supplied).

■ The question before us is whether the Journey's Account statute applies to save complaints that are filed outside the limitation period set out at IC 16–9.5–3–1. It is clear that, because it is phrased in terms of commencement and continuation of an action, it applies in conjunction with the many statutes of limitation that require merely that an action be commenced within the limitation period. *See, e.g.*, IC 33–1–1.–5–5 (product liability actions); IC 34–1–1–2 (wrongful death actions); IC 34–1–2–2 (general limitations). The medical malpractice act, on the other hand, requires that an action be *filed* within the limitation period. It is true, of course, that an action is commenced by the filing of a complaint. *Ware v. Waterman* (1969), 146 Ind.App. 237, 253 N.E.2d 708, 712. Our question, however, is whether the legislature's specific use of a *filing* requirement removes medical malpractice actions from the effects of the Journey's Account statute.

■ In drafting the 1975 medical malpractice act, the legislature was responding to the threat that health care services for the people of Indiana would be curtailed as a result of the high cost and unavailability of liability insurance. The purpose of the act, therefore, was to limit the risk of malpractice liability for health care providers. *Johnson v. St. Vincent* (1980), 273 Ind. 374, 404 N.E.2d 585, 594. The legislature selected an "occurrence" statute of limitations, rather than a less restrictive "discovery" statute. *Corbert v. Waitt* (1982), Ind.App., 445 N.E.2d 1000, 1002. After our Supreme Court, in *Chaffin v. Nicosia* (1974), 261 Ind. 698, 310 N.E.2d 867, ruled that a general disability statute applied to extend the time during which medical malpractice actions could be filed, the legislature drafted the 1975 act to make clear that its time restrictions applied regardless of minority or other legal disability. These decisions were intended to restrict the exposure of health care providers to the risk of malpractice liability.

In light of this purpose, it would seem that the requirement that an action be filed within the limitation period is a requirement that the particular action proceeding to review and trial, and thereby exposing a health care provider to the risk of liability, should be filed within the limitation period. It is not simply a requirement that a medical malpractice action be "commenced" within the time limits, perhaps to be filed again within another five years. Because the medical malpractice statute of limitations was drafted later and is more specific than the Journey's Account statute, it will control to the extent that the two are in conflict. *Johnson, supra*, 404 N.E.2d at 603. Thus, the Journey's Account statute cannot apply to save medical malpractice

complaints filed outside the limitation period set out at IC 16–9.5–3–1.

■ The Vesolowskis argue that the Journey's Account statute is analogous to Trial Rule 15(C), which allows an amended complaint to "relate back" to the date of the original pleading, for statute of limitations purposes. The application of this rule in a medical malpractice action was accepted without discussion in *Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130. The two rules are not the same, however. Trial Rule 15(C) provides safeguards to ensure that the added defendant receives timely notice of the claim against him and will not be prejudiced in maintaining his defense. More important, Trial Rule 15(C) concerns the amendment of a complaint filed within the limitation period, not the filing of another complaint up to five years later. It simply does not conflict with the malpractice statute of limitations.

The Vesolowskis' medical malpractice claim against Repay is not saved by Indiana's Journey's Account statute. We therefore affirm the trial court's dismissal of their claim.

HOFFMAN, J., concurs.

GARRARD, P.J., concurs in result in part and dissents in part.

GARRARD, Presiding Judge, concurring in result in part and dissenting in part.

I concur in the result reached as to Donna and Charles Vesolowski individually and dissent as to the claim of Suzanne.

We are concerned with two distinct claims: a child's claim for medical malpractice occurring at or prior to birth and her parents' claim, presumably for loss of services, arising from the injury to the child.

The child was born January 3, 1975 and there is no contention that acts of malpractice were committed after that date.

Pursuant to IC 16–9.5–3–1 the right to bring a claim based upon medical malpractice is limited to "within two years from the date of the alleged act, omission or neglect except that a minor under the full age of six years shall have until his eighth birthday in which to file."

The child's eighth birthday was January 3, 1983.

Under the statute the parents' separate claim was barred when they had commenced no action by January 3, 1977. *Merritt v. Economy Dept. Store* (1955), 125 Ind.App. 560, 128 N.E.2d 279 (loss of spouse's services).

Concerning the child's own claim, an action was attempted in Illinois in 1980 but failed for want of personal jurisdiction on December 23, 1981. At the time Illinois law provided that an action commenced with the filing of the complaint. *Jackson v. Navik* (1974), 17 Ill.App.3d 672, 308 N.E.2d 143.

The Journey's Account Statute, IC 34–1–2–8, provides:

"If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."

If the statute applies, then the child's action which was commenced August 5, 1985 was timely.

By the plain language of the two statutes, they are not in conflict. IC 16–9.5–3–1 applies to the filing of claims. IC 34–1–2–8 presupposes the timely filing of a claim and applies to certain instances where the initial action has been defeated or abated. Both sections may be applied *en toto* with no conflict.

The majority seeks to avoid this simple result by distinguishing between IC 16–9.5–3–1's use of the term "filed" rather than "commencement of an action."

Normally, of course, an action is "commenced" when it is filed. Trial Rule 3. Also, normally it is filed in court. I believe the legislature's purpose in using "filed" in

IC 16–9.5–3–1 was with good cause but for a different purpose than that assigned by the majority. Under the Medical Malpractice Act, specifically IC 16–9.5–9–1, rather than simply commencing a civil action in court a plaintiff is required to first "file" his proposed complaint with a medical review panel.[1] I believe for that reason the chosen term was employed in IC 16–9.5–3–1.

For all the traditional reasons IC 34–1–2–8 should apply to medical malpractice actions. *See Abele v. A.L. Dougherty Overseas, Inc.* (N.D.Ind.1961), 192 F.Supp. 955; *Eves v. Ford Motor Co.* (1972), 152 Ind.App. 34, 281 N.E.2d 826; *Ware v. Waterman* (1969), 146 Ind.App. 237, 253 N.E.2d 708.

The trial court also found that IC 34–1–2–8 did not apply because more than a year remained during which the claim could have been timely commenced in Indiana after the Illinois action was dismissed. That doctrine concerning the tolling of limitation periods has no application because the specific language of IC 34–1–2–8 simply extends the time for bringing a new action for five years after the termination of the first action. Nothing in the statute presupposes expiration of the original period of limitation.

I therefore concur in result as to dismissal of the parents' claim and dissent to dismissal of the child's claim.

---

**1.** An amendment, IC 16–9.5–9–2.1, effective September 1, 1985, permits actions for no more than $15,000 to be commenced without submission to a panel. Absent that provision's applica-

tion it may be that Suzanne's action fails for other reasons not here presented or considered by the trial court. *See, e.g.,* IC 16–9.5–1–5.