Esteban TORRES and Gloria Torres, Plaintiffs-Appellants,

v.

PARKVIEW FOODS, Defendant-Appellee.

No. 3–783A209.

Court of Appeals of Indiana, Third District.

Sept. 25, 1984.

P. Jeffrey Schlesinger, Rivera, Schlesinger & de la Torre, East Chicago, for plaintiffs-appellants.

Kenneth E. Nowak, Merrillville, for defendant-appellee.

GARRARD, Judge.

On November 20, 1979 Esteban Torres suffered personal injuries when a plastic grocery bag broke, dropping a frozen turkey on his toe. On November 19, 1981, one day before the statute of limitations would run, Esteban and Gloria Torres (the Torres-es) brought suit for personal injuries against Parkview Foods, Inc. (Parkview), a division of Buy Low, Inc., an Indiana corporation and Polysak, Inc., a subsidiary of Union Carbide, a Connecticut corporation, in the United States District Court for the Northern District of Indiana. Parkview filed a motion to dismiss for lack of complete diversity on December 10, 1981. On January 20, 1982 the Torreses filed an action in the Superior Court for Lake County against the same parties on the same claim. The state court granted Parkview's motion to dismiss for failure to bring the state action within the statute of limitations period, and on March 31, 1982 the United States District Court granted Parkview's motion to dismiss. The Torreses had filed an amended complaint by leave of the Lake Superior Court on March 22, 1982, varying from the original complaint only by the additional allegation that the statute of limitations had been tolled while the federal action was pending. The court granted Parkview's subsequent motion to dismiss on January 25, 1983 and issued its order of dismissal with prejudice on February 14, 1983. Upon the denial of their motion to correct errors, the Torreses brought this appeal.

The sole issue for review is: Whether filing an action in federal court tolls the running of the statute of limitations for the purposes of filing an action in the state court based upon the same cause of action and between the same parties.

The Torreses maintain that *Slater v. Stoffel* (1966), 140 Ind.App. 131, 221 N.E.2d 688 is dispositive of the issue. In *Slater*, appellants brought suit for personal injury against the decedent's estate in federal district court within the six month limitation under the applicable Indiana statute.[1] However, the Seventh Circuit Court of Appeals reversed the district court judgment for appellants due to their failure to file a required statutory affidavit against the decedents' estates pursuant to Sections 7–801 [2] and 7–802,[3] Burns Ind.Stat. (1953

---

1. Section 2–602 Burns Ind.Stat. (1953 Repl.Ed.) recodified at IC 34–1–2–2.

2. Recodified at IC 29–1–14–1.

3. Recodified at IC 29–1–14–2.

Repl.Ed.) *Slater v. Stoffel* (7th Cir.1963), 313 F.2d 175. After the district court entered judgment for the appellees, the appellants brought the same action against the same parties in state court where appellees' demurrers were later sustained. The Indiana Court of Appeals determined that a two year statute of limitations added to the statute while the case had been pending in federal court should be given retroactive effect. The court tolled the statute of limitations for the period of time the case was pending in the federal court system, making the suit in state court timely. The court stated:

"The commencement of an action to enforce a right before the statute of limitations has run against it, arrests or suspends the running of the statute, and a lapse of time after the action is commenced which is not attributable to the appellants' fault or neglect will not bar the enforcement of the right. *Elam v. Neville*, 129 F.Supp. 437 (N.D.Ind.1955); *McAfee v. Reynolds* (1891), 130 Ind. 33, 28 N.E. 423, 18 L.R.A. 211."

221 N.E.2d at 692.

Parkview asserts that *Slater* is distinguishable because the parties there had satisfied the diversity requirement for federal jurisdiction. While it is true that diversity existed in *Slater* and did not exist here, it is also true that *Slater's* action failed prior to a judgment on the merits due to his mistake or error. Nevertheless, we held that the statute of limitations tolled for the period of time his action was pending in the federal court system. Due to *Slater's* initial timely filing of his complaint, Stoffel was put on notice of a cause of action against him and was able to develop a defense before the claim became stale. Likewise, Parkview was similarly apprised of the Torreses' claim within the period of the statute of limitations. The fact that the Torreses' claim failed for lack of diversity jurisdiction does not distinguish it from the circumstances and basis for the tolling of the statute of limitations in *Slater*.

Parkview argues that *Slater* should be read to hold that a federal court has concurrent jurisdiction with a state court[4] provided the federal jurisdictional requirements of amount in controversy and diversity are satisfied. If there is no jurisdiction then the claim is void *ab initio*, *Lillibridge v. Riley* (5th Cir.1963), 316 F.2d 232 (court held that the state savings statute did not apply because the effect on the original suit of finding no jurisdiction was to find no suit at all). Since there was not complete diversity between the parties to the federal action, Parkview argues it never had an opportunity for a fair hearing in a court of competent jurisdiction within the statutory limitation period.

Parkview's reliance on *Lillibridge, supra,* for the concept that a court is without jurisdiction *ab initio* is misplaced in Indiana. Our court recognized in *Eves v. Ford Motor Co.* (1972), 152 Ind. App. 34, 281 N.E.2d 826 that when a plaintiff's cause of action in federal court fails for jurisdictional reasons, a plaintiff's subsequent state action against the same defendants for the same claim filed within five years of the federal court's order, is timely under the state savings statute.[5] *Accord Swiontek v. Greenstein* (1961), 33 Ill.App.2d 355, 179 N.E.2d 427; *Ockerman v. Wise* (Ky.Ct.App.1954), 274 S.W.2d 385. However, the savings statute is inapplicable here because the federal action had not "failed," i.e. been dismissed for lack of diversity jurisdiction, when the Torreses filed their action in state court.

Parkview correctly notes that *Slater* would not require tolling the statute if the delay is due to the appellants' fault, neglect or lack of good faith. However, Parkview provides no evidence of the Torreses' bad faith in originally bringing the action in federal court. In addition, in attempting to provide authority for not allowing a subsequent state action after a federal action has been dismissed for lack of diversity

---

**4.** Thus presumably allowing tolling of the statute of limitations when a complaint is filed in federal court.

**5.** IC 34–1–2–8.

jurisdiction, Parkview cites only cases where plaintiffs sought an advantage by originally bringing suit in their home state where jurisdiction did not lie,[6] a situation not present here. Bringing suit first in federal court and subsequently in state court arguably does not raise similar concerns of seeking undue home state advantages.

Finally, Parkview maintains that the Indiana Savings Statute[7] is instructive in that it contains the limited circumstances which would justify tolling the statute of limitations, e.g. no negligence in the prosecution of a claim, infancy or mental incompetence, fraud, or a claim that is unenforceable until final conclusion of pending legal proceedings, e.g. attachment.

We believe the savings statute is instructive for the circumstances here. As noted previously, the statute does not apply. However, if the Torreses had filed the state action *after* the federal action was dismissed, i.e. failed, the statute would have applied. *Eves, supra.* We find it impossible to believe that this state action should fail because it was brought *before* rather than after the original federal action, which was timely brought under the statute of limitations, failed.

In *Roth v. Northern Assurance Co.* (1964), 32 Ill.2d 40, 203 N.E.2d 415 the Illinois Supreme Court explained the rationale for permitting a state action brought after a federal court had previously dismissed the same action for lack of diversity jurisdiction and the statute of limitations had expired during the pendency of the federal action. The court quoted from Judge Cardozo in *Gaines v. City of New York* (1915), 215 N.Y. 533, 109 N.E. 594:

"The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. *The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.* When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law.

\*   \*   \*   \*   \*   \*

"There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights." (emphasis added) 109 N.E. at 596. Parkview's assertion that the Torreses' claim should be barred for lack of diligence ignores the timeliness of their filing in federal court. By doing so, they gave timely notice to Parkview of a present purpose to assert their rights in the courts.

■ Therefore, we hold that when in good faith a plaintiff brings an action in federal court within the statute of limitations, but it fails for lack of diversity jurisdiction, the statute of limitations is tolled with the filing of the suit for purposes of determining whether a subsequent state action involving the same parties and the same claims is brought within the statute of limitations. We reverse the trial court's dismissal and remand for trial.

Reversed and remanded.

STATON, P.J., and HOFFMAN, J., concur.

---

**6.** *See Osman v. Draskovich* (E.D.Wis.1970), 314 F.Supp. 1115; *White v. Tucker* (1977), 53 Ill. App.3d 862, 11 Ill.Dec. 636, 369 N.E.2d 90.

**7.** "34–1–2–8 New actions; continuation of action

Sec. 8. If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."