KENNETH R. CLARK, PLAINTIFF APPELLANT v. VELSICOL CHEMICAL COR-PORATION AND FORSHAW CHEMICAL, INC., DEFENDANT APPELLEES

No. 925SC238

(Filed 6 July 1993)

1. **Limitations, Repose, and Laches § 145 (NCI4th)— statute of limitations—action filed in federal court—statute tolled**

      Filing an action in federal court which is based on state substantive law tolls the statute of limitations while that action is pending.

**Am Jur 2d, Limitation of Actions §§ 306, 307.**

2. **Limitations, Repose, and Laches § 145 (NCI4th)— statute of limitations—tolling by filing in federal court—pending petition for certiorari to United States Supreme Court—action not alive**

The statute of limitations was not tolled, and plaintiff's action was not timely filed in state court, where plaintiff filed a timely negligence action in federal court, that action was dismissed because of no federal question and lack of diversity, the United States Court of Appeals affirmed, plaintiff filed a petition for certiorari to the United States Supreme Court, and plaintiff filed a substantially similar action in state court while the petition for certiorari was pending. A petition for writ of certiorari is not an appeal of right and the treatment of the case after a petition is filed is uncertain; therefore, the action was not alive for the purpose of tolling the statute of limitations while the petition was pending. Because the federal action was not alive when plaintiff filed in state court, the statute of limitations was no longer tolled and plaintiff's action was not timely filed.

**Am Jur 2d, Limitation of Actions §§ 306, 307.**

3. **Limitations, Repose, and Laches § 145 (NCI4th)— statute of limitations—originally filed in federal court—saving provision of Rule 41(b)—not applicable**

The savings provision of N.C.G.S. § 1A-1, Rule 41(b) did not apply to allow plaintiff extra time to file after the statute of limitations ran where plaintiff originally filed in federal court, that action was dismissed for no federal question and lack of diversity, the dismissal was affirmed in the federal court of appeals, plaintiff petitioned the United States Supreme Court for a writ of certiorari and filed a state action while the petition was pending, and the state action was dismissed as time barred. Although plaintiff relies on *Bockweg v. Anderson*, 328 N.C. 436, that case is distinguishable because plaintiff's case here was involuntarily dismissed for lack of diversity. However, even if N.C.G.S. § 1A-1, Rule 41(b) applies, *Bockweg* does not dictate that plaintiff may invoke the savings provision because the plaintiffs there dismissed pursuant to Rule 41(a)(1) and were automatically allowed an additional year to refile. Rule 41(b) requires that the dismissal order specify that a new action based on the same claim may be filed within

one year and it was plaintiff's responsibility to convince the federal courts to include such a statement in the order or opinion.

**Am Jur 2d, Limitation of Actions §§ 306, 307.**

Appeal by plaintiff from judgment entered 9 December 1991 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 9 March 1993.

On 2 September 1986, plaintiff was injured by a hazardous chemical after it leaked from a drum which defendants shipped through plaintiff's employer. Plaintiff filed a timely action in federal court on 1 September 1989 alleging that defendants were negligent and failed to comply with federal regulations governing the shipment, labelling, and packaging of hazardous materials. On 14 August 1990, the federal court dismissed plaintiff's action because of no federal question and lack of complete diversity. Plaintiff appealed to the United States Court of Appeals which affirmed the district court's decision on 10 September 1991. On 9 December 1991, plaintiff filed a petition for writ of certiorari to the United States Supreme Court. The Supreme Court denied the petition on 24 February 1992.

On 8 October 1991, plaintiff filed a complaint in New Hanover County Superior Court which was substantially identical to the complaint filed in federal court. Defendants filed a motion to dismiss based on the running of the statute of limitations. Thereafter, plaintiff filed an amended complaint alleging, in substance, that the federal action, including the appeal and petition, tolled the statute of limitations. The superior court determined that plaintiff's state court action was time barred and entered judgment dismissing the action. From this judgment plaintiff appeals.

*Shipman & Lea, by Gary K. Shipman and Jennifer L. Umbaugh, for plaintiff appellant.*

*Maupin Taylor Ellis & Adams, P.A., by Mark S. Thomas; and Spriggs & Hollingsworth, by Joe G. Hollingsworth, Katharine R. Latimer, and Barbara A Milnamow, for defendant appellee Velsicol Chemical Corporation.*

*Murchison, Guthrie, Davis & Henderson, by Dennis L. Guthrie, for defendant appellee Forshaw Chemical, Inc.*

ARNOLD, Chief Judge.

Plaintiff presents two issues. First, does commencing an action in federal court toll our statute of limitations and keep it tolled until the United States Supreme Court rules on a petition for certiorari to review an involuntary dismissal of that federal action. Next, does the savings provision of N.C.R. Civ. P. 41(b) apply to allow plaintiff an additional year to file in state court when the federal court order dismissing his action does not specify additional time within which to file. The answer to both questions is no.

[1] In a negligence action, the statute of limitations begins to run when the cause of action accrues. *Fulton v. Vickery*, 73 N.C. App. 382, 389, 326 S.E.2d 354, 359, *disc. review denied*, 313 N.C. 599, 332 S.E.2d 178 (1985). Once the statute of limitations begins to run, it continues to run until appropriate judicial process is commenced. *Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorp Sales Corp.*, 36 N.C. App. 778, 781, 245 S.E.2d 234, 235 (1978). Here, process was commenced in federal court before the statute of limitations ran. The question is, did commencing the action in federal court toll the statute of limitations.

Defendant cites *Evans v. Chipps*, 56 N.C. App. 232, 287 S.E.2d 426 (1982), for the proposition that commencing an action in federal court does not toll the statute. That statement in *Evans* is apparently based upon the conclusion that "the court" referred to in N.C.R. Civ. P. 3 is a court of this state, so that filing in a court other than a court of this state does not toll the statute of limitations. That conclusion was not necessary to the holding in *Evans*; therefore, the statement is only dicta.

The Indiana Court of Appeals addressed this issue in *Torres v. Parkview Foods*, 468 N.E.2d 580 (Ind. App. 1984). In that case, plaintiffs brought a personal injury action in the United States District Court for the Northern District of Indiana one day before the statute of limitations ran. Defendant moved to dismiss for lack of complete diversity. Before the federal court ruled on the motion, plaintiffs filed a complaint and an amended complaint in the state superior court alleging the same cause of action and alleging that the statute of limitations was tolled while the federal action was pending. After the federal court dismissed plaintiffs' action, the superior court dismissed the state action on the ground that it was filed outside the statute of limitations.

The Indiana Court of Appeals reversed the dismissal, holding that the statute of limitations was tolled while the federal action was pending. The *Torres* court relied partly on the following language regarding tolling the statute of limitations:

> The commencement of an action to enforce a right before the statute of limitations has run against it, arrests or suspends the running of the statute, and a lapse of time after the action is commenced which is not attributable to the appellants' fault or neglect will not bar the enforcement of the right.

*Torres*, 468 N.E.2d at 582 (citing *Elam v. Neville*, 129 F. Supp. 437 (N.D. Ind. 1955), other state citations omitted). The *Torres* court held that filing a case in federal court under the mistaken belief that the federal court had jurisdiction was not the type of fault which prevents the tolling of the statute of limitations.

The *Torres* court looked to the purpose of the statute of limitations in making its decision. In doing so, it relied upon an Illinois case, *Roth v. Northern Assurance Co.*, 203 N.E.2d 415 (Ill. 1964), which explained the "rationale for permitting a state action brought after a federal court had previously dismissed the same action for lack of diversity jurisdiction and the statute of limitations had expired during the pendency of the federal action." *Torres*, 468 N.E.2d at 583. The Illinois court quoted Judge Cardozo:

> The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. *The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.* When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law.

*Torres*, 468 N.E.2d at 583 (quoting *Gaines v. City of New York*, 109 N.E. 594, 596 (N.Y. 1915) and citing *Roth v. Northern Assurance Co.*, 203 N.E.2d 415 (Ill. 1964)). Because the defendant in *Torres* received timely notice that the plaintiffs intended to assert their claim, the purpose behind the statute of limitations was not violated by tolling the statute.

We agree with the reasoning in the *Torres* case. Filing an action in federal court puts a defendant on notice that a claim

CLARK v. VELSICOL CHEMICAL CORP.

[110 N.C. App. 803 (1993)]

is being asserted against him. We see no reason why filing in federal court should not toll the statute of limitations on a claim which is based on state substantive law. Therefore, we hold that filing an action in federal court which is based on state substantive law does toll the statute of limitations while that action is pending.

[2] The question now is did plaintiff file the action in state court while the statute of limitations was tolled, thereby making the state action timely filed. We hold that he did not. "[T]he statute of limitations is tolled when suit is *properly* instituted, and it stays tolled as long as the action is alive . . . ." *Long v. Fink*, 80 N.C. App. 482, 485, 342 S.E.2d 557, 559 (1986). Plaintiff argues that the federal action was alive when he filed in state court because a decision on his petition for writ of certiorari to the United States Supreme Court was pending. We disagree.

A petition for writ of certiorari is not an appeal of right, and no review is guaranteed once the petition is filed. The treatment of the case after a petition is filed, including whether or not it will be heard on its merits, is uncertain. Therefore, for the purpose of tolling the statute of limitations, we do not consider the action alive while a decision to grant or deny the petition was pending. Because the federal action was not alive when plaintiff filed in state court, the statute of limitations was no longer tolled, and plaintiff's action was not timely filed.

[3] Plaintiff next argues that N.C.R. Civ. P. 41(b) applied to the dismissal in federal court and the savings provision of that rule allowed him a year to refile his action after the decision to dismiss became final in federal court. We disagree.

Plaintiff relies on *Bockweg v. Anderson*, 328 N.C. 436, 402 S.E.2d 627 (1991) for this proposition. In *Bockweg*, plaintiffs voluntarily dismissed in federal court and refiled in state court outside the statute of limitations. Our Supreme Court determined that the plaintiffs in *Bockweg* were allowed to invoke the savings provision of N.C.R. Civ. P. 41(a)(1) because the federal court was sitting in diversity and applying state law. Here, plaintiff's case was involuntarily dismissed for lack of diversity. Therefore, *Bockweg* is distinguishable. However, even if N.C.R. Civ. P. 41(b) applies, *Bockweg* does not dictate that plaintiff may invoke the Rule 41(b) savings provision.

## CLARK v. VELSICOL CHEMICAL CORP.

[110 N.C. App. 803 (1993)]

N.C.R. Civ. P. 41(a)(1) provides in pertinent part: "If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . ." Because the plaintiffs in *Bockweg* dismissed pursuant to Rule 41(a)(1), they automatically were allowed an additional year to refile by operation of the rule. On the other hand, N.C.R. Civ. P. 41(b) reads "[i]f the court specifies that the dismissal of an action . . . is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal." If plaintiff was to take advantage of the savings provision, it was his responsibility to convince the federal courts to include in the order or opinion a statement specifying that plaintiff had an additional year to refile. Plaintiff failed to do this.

Nothing in the record indicates that plaintiff moved the district court to amend its judgment to specify that plaintiff be given additional time to refile, or moved that the district court dismiss pursuant to N.C.R. Civ. P. 41(b). The record does not indicate that any argument was presented to the federal court of appeals to modify the district court order. Neither the district court's order nor the court of appeals's opinion specifies additional time within which plaintiff may refile. "In the absence of such a specification, a dismissal under Rule 41(b) does not extend any applicable statute of limitation." *Jarman v. Washington*, 93 N.C. App. 76, 78, 376 S.E.2d 252, 253 (1989). The burden was on plaintiff to move the court to specify additional time within which he could refile. *See Johnson v. Bollinger*, 86 N.C. App. 1, 9, 356 S.E.2d 378, 383 (1987) (because dismissal order operates as an adjudication on the merits unless the order specifically states to the contrary, party whose claim is being dismissed has the burden to convince the court he deserves a second chance and should move the court for dismissal without prejudice).

We are not deciding which version of Rule 41(b), state or federal, applies under these facts. No matter if the federal courts correctly applied Fed. R. Civ. P. 41(b) or mistakenly applied it, the result is the same. Plaintiff was not allowed additional time to refile, and the statute of limitations ran before the state action was filed. Plaintiff's case was pending in federal court for two years. In that time, plaintiff chose not to file in state court even after the district court dismissed his action for lack of jurisdiction.

Plaintiff's time has run out, and we hold that the savings provision of N.C.R. Civ. P. 41(b) does not apply in this case to allow plaintiff additional time to file after the statute of limitations has run.

Finally, plaintiff argues that his rights under the state and federal Constitutions will be violated if we do not hold in his favor. We find these arguments unpersuasive and reject them.

The superior court's order dismissing plaintiff's action is affirmed.

Affirmed.

Judges GREENE and McCRODDEN concur.