84 LUMBER COMPANY, Plaintiff v. CHARLES A. BARKLEY and JOEL D. CARPENTER, d/b/a PARADIGM BUILDERS, Defendants

No. COA94-1133

(Filed 19 September 1995)

### Limitations, Repose, and Laches § 139 (NCI4th)— involuntary dismissal without prejudice—appropriate time for refiling action

Where plaintiff's action was involuntarily dismissed without prejudice pursuant to N.C.G.S. § 1A-1, Rule 41(b), plaintiff's second action was not barred because it was not filed within one year of dismissal; rather, if the action was filed within the applicable statute of limitations, then it was timely filed.

### Am Jur 2d, Limitation of Actions §§ 301-318.

Appeal by plaintiff from order entered 10 August 1994 by Judge Joyce A. Brown in Gaston County District Court. Heard in the Court of Appeals 29 August 1995.

On 18 February 1992, plaintiff filed an action in the Gaston County District Court seeking recovery of an alleged debt. Defendant failed to file an answer, and plaintiff took no further action before the court to prosecute its claim. On 29 June 1992, Judge Daniel J. Walton entered an order dismissing the action because "[t]he plaintiff elected not to prosecute this action, and [because] [d]efendant has not filed [an] Answer." In his order, Judge Walton expressly noted that the dismissal was without prejudice.

On 2 May 1994, plaintiff filed a second substantially identical action seeking collection of the same debt. Defendant filed an answer and counterclaim on 27 June 1994. Defendant's answer alleged that Judge Walton's order of 29 June 1992 was an involuntary dismissal under Rule 41(b) of the North Carolina Rules of Civil Procedure, and that because plaintiff had not refiled within one year of the dismissal, plaintiff's claim was barred. After hearing, the trial court dismissed plaintiff's action.

Plaintiff appeals.

*Harry Pavilack & Associates, by David C. Haar, for plaintiff-appellant.*

*Henry L. Fowler, III, for defendant-appellee.*

EAGLES, Judge.

In granting dismissal of the second action, the trial court ruled that plaintiff's action was barred because plaintiff failed to refile within one year after plaintiff's previous action had been involuntarily dismissed without prejudice pursuant to Rule 41(b). Plaintiff argues that the second action was timely filed because it was filed within the applicable statute of limitations period. After careful review, we reverse and remand.

Under Rule 41(b), a dismissal operates as an adjudication on the merits, unless the judge specifies that the dismissal is without prejudice. G.S. § 1A-1, Rule 41(b) (1977). Here, the order expressly stated that the 29 June 1992 dismissal was without prejudice. Rule 41(b) states in pertinent part that:

> If the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal.

G.S. § 1A-1, Rule 41(b) (1977). The unambiguous language of Rule 41(b) permits the trial court to affirmatively specify in its order that the action be refiled within a year or less. *Clark v. Velsicol Chemical Corp.*, 110 N.C. App. 803, 809, 431 S.E.2d 227, 230 (1993), *aff'd*, 336 N.C. 599, 444 S.E.2d 233 (1994). The 29 June 1992 order contains no specification whatsoever with regard to the time in which plaintiff may commence a new action based on the same claim. Accordingly, the applicable statute of limitations is controlling with regard to the time in which plaintiff was allowed to refile.

Even if the order had included language purporting to limit the time in which plaintiff could commence a new action to one year or less, defendant's argument would fail. The Rule 41(b) language by which the judge may, in his discretion, grant plaintiff an additional one year or less to refile is often referred to as the "savings provision" of Rule 41(b). *Clark*, 110 N.C. App. at 809, 431 S.E.2d at 230. Although the savings provision of Rule 41(b) is triggered differently than the

**84 LUMBER CO. v. BARKLEY**

[120 N.C. App. 271 (1995)]

savings provision of Rule 41(a) in that Rule 41(b) requires the judge to affirmatively grant extra time, the effect of each savings provision once triggered is the same. With respect to Rule 41(a)(1), the extra time granted:

> [I]s an extension of time beyond the general statute of limitation rather than a restriction upon the general statute of limitation. In other words, a party always has the time limit prescribed by the general statute of limitation and in addition thereto they get the one year provided in Rule 41(a)(1). But Rule 41(a)(1) shall not be used to limit the time to one year if the general statute of limitation has not expired.

*Whitehurst v. Virginia Dare Transportation Co.*, 19 N.C. App. 352, 356, 198 S.E.2d 741, 743 (1973). This same rationale applies to any savings period granted by the judge under Rule 41(b). Accordingly, plaintiff here could refile its action at any time until the expiration of the applicable statute of limitations. The record before us is ambiguous as to the appropriate statute of limitations. Whether plaintiff properly refiled within the time allotted by the applicable statute of limitations is not now before us.

We do not reach the issue of what time for refiling, if any, is available to a plaintiff whose case has been dismissed under Rule 41(b) without prejudice and without a specifically granted savings period, but after the applicable statute of limitations has run. We note, however, that generally if a plaintiff wishes to take advantage of the savings provision under Rule 41(b), it is plaintiff's "responsibility to convince [the court] to include in the order or opinion a statement specifying that plaintiff had [additional time] to refile." *Clark*, 110 N.C. App. at 809, 431 S.E.2d at 230.

Reversed and remanded.

Judges LEWIS and JOHN concur.