WABASH GRAIN, INC., Appellant–
Defendant,

v.

Robert E. SMITH, Appellee–Plaintiff,

v.

AMERICAN CAR & FOUNDRY INDUS-
TRIES, INC., and CSX Transporta-
tion Corporation, Defendants.

No. 61A01–9709–CV–321.

Court of Appeals of Indiana.

Sept. 30, 1998.

David W. Sullivan, Scott Craig, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for Appellant–Defendant.

John C. Trimble, Anthony M. Eleftheri, Lewis & Wagner, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

On May 14, 1993, Robert E. Smith suffered personal injuries while inspecting grain in a grain elevator operated by C & S Grain Co., Inc., an Indiana corporation ("C & S of Indiana"). In January of 1994, C & S of Indiana changed its name to Wabash Grain, Inc. ("Wabash Grain"). On May 4, 1995, Smith filed a complaint for damages in the United States District Court for the Southern District of Indiana, Terre Haute Division, which named three defendants, including C & S Grain Co., Inc., an Illinois corporation ("C & S of Illinois").

On June 22, 1995, Smith filed a claim[1] in the Parke Circuit Court, which named Wabash Grain, instead of C & S of Illinois, as a defendant. Specifically, Smith alleged that Wabash Grain was negligent in failing to provide him with safety devices to use during his inspection of the grain elevator. On November 21, 1995, Wabash Grain filed an answer to Smith's complaint in which it raised the statute of limitations as an affirmative defense.

In January of 1996, the parties to the federal lawsuit agreed to file a stipulation of dismissal in the United States District Court, which then dismissed Smith's federal claim. Ten days after that dismissal, Wabash Grain filed a motion for summary judgment in state court. In its motion, Wabash Grain argued that Smith's claim was barred by the applicable statute of limitations and, in the alternative, that it had no duty to provide Smith with safety devices. The trial court denied Wabash Grain's motion for summary judgment. Wabash Grain now brings this interlocutory appeal pursuant to Indiana Appellate Rule 4(B)(6). The dispositive issue presented for review is whether Smith's claim against Wabash Grain is barred by the statute of limitations.

We reverse.

### FACTS

At the time Smith incurred his injuries, he was employed as a grain inspector by Southern Illinois Grain Inspection Service ("SIGIS"). SIGIS had contracted with the Federal Grain Inspection Service, a branch of the United States Department of Agriculture, to perform inspections of grain elevators throughout the region.

In 1993, Wabash Grain contacted SIGIS and asked that a grain inspector be sent to a

1. The two other defendants named in both the federal and state actions were American Car & Foundry Industries, Inc. ("American Car") and CSX Transportation Corporation ("CSX"). Regarding Smith's state suit, however, the trial court granted CSX's motion for summary judgment, and Smith and American Car filed a joint motion to dismiss, which the trial court granted. Accordingly, neither American Car nor CSX are parties to this appeal. The parties should have moved to amend the caption. *See* Ind.App. Rule 2(B).

grain elevator that it maintains, but does not own, located in Montezuma, Indiana.[2] SIGIS sent Smith, whom it had employed for approximately six months, to perform the requested inspection. Smith had previously inspected the Montezuma elevator approximately twenty times, and Wabash Grain had not provided Smith with any type of safety equipment during those inspections.

When Smith arrived to inspect the elevator on May 14, 1993, the elevator was already loaded with grain. In order for Smith to take a grain sample, he had to stand on top of the grain hopper car and insert a "probe"[3] into the hopper. During his attempt to remove the probe from the grain hopper, Smith fell approximately fifteen feet shattering both of his ankles and sustaining multiple breaks in each heel. Since the accident, he has undergone more than sixteen surgeries, and amputation of his feet may be necessary due to recurring infections.

On May 4, 1995, Smith filed a negligence action against C & S of Illinois in the United States District Court for the Southern District of Indiana. Documents filed with the Illinois Secretary of State show that Stephen M. Syfrett is the president and director of C & S of Illinois and that Attorney James L. VanWinkle, of McLeansboro, Illinois, is the registered agent. In May of 1995, Van Winkle sent Smith's counsel a letter stating that C & S of Illinois had recently filed Chapter 11 bankruptcy in the United States Bankruptcy Court for the Central District of Illinois and that Smith's claim against it should be dismissed. Soon thereafter, David W. Sullivan entered an appearance in federal court on behalf of C & S of Illinois.

In June of 1995, Smith filed a negligence action in the Parke Circuit Court in which he named C & S of Indiana as a defendant, which by that time had changed its name to Wabash Grain. Stephen M. Syfrett serves as one of three directors for Wabash Grain, and its registered agent is Glenn Colver of Crawfordsville, Indiana. Attorney David W.

Sullivan also entered an appearance for Wabash Grain in state court. Ultimately, the parties in the federal action stipulated to a dismissal because "an identical matter" was pending in the Parke Circuit Court.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing a decision on a summary judgment motion, we apply the same standard as does the trial court. *Red Roof Inns, Inc., v. Purvis,* 691 N.E.2d 1341, 1343 (Ind. Ct.App.1998), *trans. denied.* Summary judgment should be granted only when the designated evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We may only consider those parts of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and other matters which have been properly designated by the parties to the trial court for consideration. *Id.* "Any doubt about the existence of a fact or the inference to be drawn from it is to be resolved in favor of the non-moving party." *Trotter v. Nelson,* 684 N.E.2d 1150, 1152 (Ind.1997). The defense of a statute of limitations is particularly suitable as a basis for summary judgment. *A.M. v. Roman Catholic Church,* 669 N.E.2d 1034, 1037 (Ind.Ct.App.1996), *trans. denied.*

### Statute of Limitations

Smith's injuries occurred on May 4, 1993, and he did not file his claim against Wabash Grain in the Parke Circuit Court until June 22, 1995. Thus, Wabash Grain maintains that Smith's claim is barred by the two-year statute of limitations applicable to negligence actions.[4] Smith responds that his claim was timely filed under any one of three alternative theories: (1) Wabash Grain should be estopped from asserting a statute of limitations defense; (2) Smith's claim is timely under Indiana Trial Rule 15(C); or (3) his

---

2. The grain elevator is owned by CSX.

3. A probe pole is approximately ten to twelve feet in length and can be inserted through three large doors located on top of the hopper car.

4. *See* Ind.Code § 34–1–2–2 (recodified at Ind Code § 34–11–2–4(1)) (actions for personal injuries must be brought within two years after the injury was suffered).

claim is saved by the doctrine of equitable tolling. We address each argument in turn.

### Estoppel

■ Smith first asserts that principles of estoppel preclude Wabash Grain from raising the statute of limitations as a defense. Smith contends that by and through the signed stipulation of dismissal in federal court, counsel for Wabash Grain, who also represented C & S of Illinois in the federal action, admitted that the two pending lawsuits were "identical." Smith further contends he relinquished his right under Federal Rule of Civil Procedure 15(c)[5] to amend the federal complaint in reliance on defense counsel's representation within the stipulation of dismissal. Smith argues that but for counsel's representation, he would have amended his federal complaint to name Wabash Grain as the proper defendant. The federal court would have then lost jurisdiction due to lack of complete diversity, and Smith's state claim would have been salvaged under Indiana's Journey's Account Statute.[6]

Wabash Grain counters that estoppel does not apply because Wabash Grain was not named a party in the federal action. Wabash Grain further argues that because it had raised the statute of limitations as an affirmative defense *before* the federal action had been dismissed, Smith's contention that he relied to his detriment on the stipulation of dismissal has no merit. We agree with Wabash Grain.

■ Initially, we note that Smith does not specify which theory of estoppel he relies upon but refers to "principles of estoppel" generally. The substance of his argument combines principles of both equitable and judicial estoppel. Equitable estoppel is available if one party, through its representations or course of conduct, knowingly misleads or induces another party to believe and act upon

his conduct in good faith and without knowledge of the facts. *Brokaw v. Roe*, 669 N.E.2d 1039, 1041 (Ind.Ct.App.1996), *trans. denied*. The elements of equitable estoppel are: (1) a representation or concealment of a material fact, (2) made by a person with knowledge of the fact and with the intention that the other party act upon it, (3) to a party ignorant of the fact, (4) which induces the other party to rely or act upon it to his detriment. *Detrick v. Midwest Pipe & Steel, Inc.*, 598 N.E.2d 1074, 1079 (Ind.Ct.App. 1992). The reliance element has two prongs: (1) reliance in fact and (2) right of reliance. *In re Marriage of Murray*, 460 N.E.2d 1023, 1026 (Ind.Ct.App.1984). In addition, estoppel exists "only as between the same parties or those in legal privity with them." 31 C.J.S. *Estoppel and Waiver* § 8 (1996).

■ In contrast, judicial estoppel prevents a party from asserting a position in a legal proceeding inconsistent with one previously asserted. *Shewmaker v. Etter*, 644 N.E.2d 922, 931 (Ind.Ct.App.1994), *adopted on trans.*, 659 N.E.2d 1021 (Ind.1995). Specifically, in *Tobin v. McClellan*, 225 Ind. 335, 346–47, 73 N.E.2d 679, 684 (1947), our supreme court stated:

> [I]t is the general rule that *allegations or admissions in pleadings in a former action or proceeding will ordinarily estop the party making them from denying their truth in a subsequent action or proceeding in which he is a party* to the prejudice of his opponent where the usual elements of estoppel by conduct are present. Also, there must have been a determination of the prior action, or, at least, the allegations or admissions must have been acted on by the court in which the pleadings were filed or by the parties claiming the estoppel.

(citations and quotations omitted) (emphasis added).[7] "Unlike equitable estoppel, which

---

5. Federal Rule of Civil Procedure 15(c) provides, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

6. *See* IND CODE § 34–1–2–8 (recodified at IND. CODE § 34–11–8–1).

7. We respectfully disagree with this court's opinion in *Barga v. Indiana Farmers Mut. Ins. Group*, 687 N.E.2d 575, 577 n. 1 (Ind.Ct.App.1997), *trans. denied*, to the extent it suggests that principles of judicial estoppel do not apply to inconsistent claims raised by a party in separate or subsequent legal proceedings. Rather, our reading of *Tobin v. McClellan* is that judicial estoppel is not limited to representations made by a party

focuses on the relationship between the parties, judicial estoppel focuses on the relationship between a litigant and the judicial system." 31 C.J.S. *Estoppel and Waiver* § 139 (1996). The purpose of judicial estoppel is to protect the integrity of the judicial process rather than to protect litigants from allegedly improper conduct by their adversaries. *Id.*

In this case, Smith's attempt to preclude Wabash Grain from asserting its statute of limitations defense must fail. First, Wabash Grain was not a party in Smith's federal action and, as discussed above, equitable estoppel requires identity of parties for its application. Second, although Smith may have relied on the federal stipulation of dismissal to his detriment, he had no right to rely on the stipulation. Specifically, C & S of Illinois executed the stipulation, not Wabash Grain. The record also shows that on November 21, 1995, Wabash Grain filed its response to Smith's claim, which included an affirmative defense based on the statute of limitations. The federal action was not dismissed until January 3, 1996. Wabash Grain asserted its statute of limitations defense approximately one and one-half months before Smith agreed to dismiss his federal lawsuit. Thus, Smith was fully aware of Wabash Grain's statute of limitations defense before he voluntarily dismissed his federal claim. *See City of Crown Point v. Lake County,* 510 N.E.2d 684, 687 (Ind.1987) (estoppel cannot be applied if facts are equally known by or accessible to both parties). Third, there is no evidence that Wabash Grain represented to Smith that the stipulation of dismissal in the federal suit between Smith and C & S of Illinois would mean Wabash Grain had abandoned its statute of limitations defense in the state action. Without any such evidence, equitable estoppel will not bar Wabash Grain from raising its defense.

■ Smith's argument, to the extent that it relies on judicial estoppel, must also fail. We note that identity of parties is not necessarily required for the application of judicial estoppel. Some jurisdictions have determined that *the party seeking protection* of judicial estoppel need not have been a party to the prior proceeding in which the alleged misleading or contradictory statement was made. *See Bellinger v. Boatmen's Nat'l. Bank of St. Louis,* 779 S.W.2d 647, 650 (Mo.Ct.App.1989); *Aetna Life Ins. Co. v. Wells,* 557 S.W.2d 144, 147 (Tex.Civ.App. 1977). However, Smith directs us to no authority, and we find none, in which judicial estoppel has been used to preclude one party from asserting a particular position because a different party had made a conflicting assertion or argument in a prior proceeding. These facts do not support a judicial estoppel.

Further, we are not convinced that the stipulation of dismissal in federal court is somehow dispositive. As discussed above, Smith sued C & S of Illinois in federal court and Wabash Grain in state court and, thus, the federal court never acquired jurisdiction over Wabash Grain. Because Wabash Grain was not a party in the federal action, the stipulation and order of dismissal in federal court cannot bind Wabash Grain in a separate state court action.

Lastly, notwithstanding the parties' stipulation of dismissal, the two cases Smith filed are not identical. "Identical" means "[b]eing the same; exactly equal and alike; having such a close similarity or resemblance as to be essentially equal or interchangeable." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 896 (3d ed.1992). The partial record of the federal proceedings before this court shows that before the stipulation of dismissal, the parties had prepared and executed a Case Management Plan in which they referred to a "similar state court case" pending in the Parke Circuit Court. In addition, Smith's state court complaint against Wabash Grain refers to "a similar action" filed in federal court. Regardless of how the actions are characterized, Smith

within a single judicial proceeding. *See Tobin v. McClellan,* 225 Ind. 335, 346–47, 73 N.E.2d 679, 684 (1947); *see also,* 28 AM.JUR.2D *Estoppel and Waiver* § 69 (1966) ("[T]he rule against inconsistent positions applies generally to positions assumed not only in the course of the same action or proceeding, but also in proceedings supplemental thereto ... and even in separate actions or proceedings involving the same parties and questions.")

named different defendants in each action. Therefore, the two matters are not identical.

Our supreme court has stated that the purpose of the doctrine of estoppel "is to preserve rights previously acquired and not to create new ones." *First Nat'l. Bank v. Logan Mfg. Co.*, 577 N.E.2d 949, 954 (Ind. 1991). To apply principles of estoppel in this case to bar Wabash Grain's statute of limitations defense would create a new right for Smith, who failed to file his state claim against the proper defendant in a timely manner. We conclude that principles of estoppel do not preclude Wabash Grain from asserting its defense.

*Indiana Trial Rule 15(C)*

■ Next, Smith maintains that his state claim, which was filed after the two-year statute of limitations, relates back to the filing of his federal claim under Indiana Trial Rule 15(C). We disagree.

■ Indiana Trial Rule 15, which governs when a party is allowed to amend his original pleading, provides in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, *the amendment relates back to the date of the original pleading.* An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

(emphasis added). The party who seeks relation back bears the burden of proving that the conditions of Trial Rule 15(C) are met. *Wathen v. Greencastle Skate Place, Inc.*, 606 N.E.2d 887, 894 (Ind.Ct.App.1993).

In support of his argument that Rule 15(C) applies in this case, Smith directs us to *Honda Motor Co. v. Parks*, 485 N.E.2d 644 (Ind. Ct.App.1985). The plaintiff in that case amended her original complaint when she discovered that she had sued the wrong defendant. Because she met the criteria set out in Rule 15(C), this court concluded that Parks' amended complaint could relate back to the original date of filing. *Id.* at 651.

Smith's reliance on *Parks* is misplaced. Parks filed her original complaint in state court and subsequently sought to amend that complaint in order to sue the proper defendant. Here, Smith filed his first complaint in federal court and a different complaint in state court. Again, Smith provides us with no authority in support of the proposition that Indiana Trial Rule 15(C) applies to actions originally filed in federal court. Moreover, we decline to characterize Smith's state action against Wabash Grain as an amendment to his federal action against C & S of Illinois. Smith filed only one complaint in state court which he has never sought to amend. Thus, Smith's state claim has no antecedent original claim to which it may relate back. We conclude that Rule 15(C) will not salvage Smith's claim.

*Indiana's Doctrine of Equitable Tolling*

■ Smith further argues that his claim is saved by the doctrine of equitable tolling. Wabash Grain responds, in part,[8] that equitable tolling does not apply because Smith's federal and state claims involve two different defendants. Again, we must agree with Wabash Grain.

Indiana's leading case on the doctrine of equitable tolling is *Torres v. Parkview Foods*, 468 N.E.2d 580 (Ind.Ct.App.1984).[9] In that

8. Wabash Grain also argues that equitable tolling is inapplicable because Smith voluntarily dismissed his federal action. Because we find Wabash Grain's first argument dispositive, we need not address both arguments.

9. As noted in *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir.1993), *aff'd*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), Indiana has yet to recognize equitable tolling as it is defined under federal law. However, *Torres* recognizes "a form of equitable tolling." *Id.*

case, the Torres originally filed a timely negligence action against Parkview Foods ("Parkview") in federal court. *Id.* at 581. Parkview, an Indiana corporation, immediately filed a motion to dismiss for lack of diversity jurisdiction. However, before the federal claim was dismissed, the Torres filed a complaint in state court against Parkview. Because the Torres filed the state action after the statute of limitations had run, Parkview filed a motion to dismiss for failure to bring the claim within the limitations period. Ultimately, the Torres' state claim was also dismissed. *Id.* On appeal, this court reversed the trial court's dismissal of the Torres' state claim and held:

> [W]hen in good faith a plaintiff brings an action in federal court within the statute of limitations, but it fails for lack of diversity jurisdiction, the statute of limitations is tolled with the filing of the suit for purposes of determining whether a subsequent state action involving the *same parties* and the same claims is brought within the statute of limitations.

*Id.* at 583 (emphasis added).

Here, Smith sued C & S Grain Co., Inc., an Illinois corporation, in federal court and Wabash Grain, Inc., an Indiana corporation, in state court. Thus, unlike in *Torres,* Smith's subsequent state action does not involve the same parties. Smith contends that because of similarities between C & S of Illinois and Wabash Grain, the two corporations "are sufficiently related" for purposes of determining whether his claim was timely filed. Specifically, he argues that because the two corporations share the same president, legal counsel and majority shareholder, Smith's federal suit against C & S of Illinois was sufficient to place Wabash Grain on notice of his intent to assert his rights in a court of law. Thus, Smith asserts that the principles of equitable tolling as articulated in *Torres* should be applied to salvage his state claim. We cannot agree.

■ Chief Justice John Marshall first recognized the concept that a corporation is a legal entity separate and distinct from its shareholders and officers in *Dartmouth College v. Woodward,* 17 U.S. (4 Wheat) 518, 4 L.Ed. 629 (1819). Since that time, our supreme court has held that a corporation's status as a distinct legal entity is unaffected by the fact that a majority of its stock may or may not be controlled by the same interests. *Benner–Coryell Lumber Co. v. Indiana Unemployment Compensation Bd.,* 218 Ind. 20, 28, 29 N.E.2d 776, 780 (1940). We also note that Indiana courts are reluctant to disregard a corporate entity, and will do so only to prevent fraud or unfairness to a third party. *Winkler v. V.G. Reed & Sons, Inc.,* 638 N.E.2d 1228, 1231 (Ind.1994). The party seeking to pierce the corporate veil has the burden of proving that one corporation so controls or manipulates the other that to observe the corporate form would constitute an injustice. *Id.*

Although Smith does not maintain that Wabash Grain is controlled by C & S of Illinois, or *vice versa,* Smith's equitable tolling argument amounts to a request that we disregard the separate legal identity of the two corporations. The designated evidence shows that C & S of Illinois and Wabash Grain have the same president and legal counsel and that at the time Smith sustained his injuries, the two corporations shared the same name but were incorporated in different states. In addition, Stephen M. Syfrett, who acts as president for both corporations, is the sole shareholder of Wabash Grain and owns a majority of shares in C & S of Illinois. However, these facts alone do not support the conclusion that Wabash Grain and C & S of Illinois should be treated as "the same party" for equitable tolling purposes. Smith has presented no evidence to establish that Wabash Grain or C & S of Illinois is "so ignored, controlled or manipulated" by the other, or "that the misuse of the corporate form would constitute a fraud or promote injustice." *See id.* (quoting *Gurnik v. Lee,* 587 N.E.2d 706, 710 (Ind.Ct.App. 1992)). Accordingly, we conclude that C & S of Illinois and Wabash Grain are distinct legal entities. Moreover, we decline to adopt Smith's overly broad interpretation of this court's holding in *Torres.* Contrary to Smith's assertion, his timely filing of the federal action against C & S of Illinois is not sufficient to salvage the untimely filing of his state claim against Wabash Grain.

Finally, it is axiomatic that the claimant in a legal action bears the burden of filing suit against the proper party within the statute of limitations. *Wathen,* 606 N.E.2d at 894. Smith sued the wrong defendant in federal court and, upon discovering that the proper forum for his suit was state court, he did not file his action against Wabash Grain in a timely manner. Therefore, it was error for the trial court to deny Wabash Grain's motion for summary judgment.

Reversed.

BAILEY and RILEY, JJ., concur.