**CAITO FOODS, Appellant–Plaintiff,**

**v.**

**George KEYES, Appellee–Defendant.**

**No. 20A03–0305–CV–151.**

Court of Appeals of Indiana.

Dec. 10, 2003.

David A. Wemhoff, Kopka, Landau &
Pinkus, South Bend, IN, Attorney for Appellant.

Sharon A. Johnson, Middlebury, IN, Attorney for Appellee.

**OPINION**

ROBB, Judge.

George Keyes was involved in an automobile collision with Allan Weber, who was driving a vehicle for his employer, Caito Foods. Keyes brought suit against Caito Foods for damages he incurred as a result of the collision. Caito Foods appeals the trial court's denial of its motion for summary judgment. We reverse and remand.[1]

*Issue*

Caito Foods raises several issues for our review, but we find one issue to be dispositive: whether the trial court properly denied Caito Foods' motion for summary judgment.

*Facts and Procedural History*

On July 10, 2000, Allan Weber was driving a vehicle for his employer, Caito Foods, when he was involved in a collision with a tractor-trailer driven by George Keyes. Caito Foods' insurer, Travelers Insurance Company, assigned a claims adjuster on July 17, 2000, to start handling the claim. On July 27, 2000, an inspector for Travelers Insurance Company prepared an estimate of the damage done to Keyes' vehicle. The written estimate listed the loss date (or date of collision) as July 10, 2000. Subsequent correspondence

from Travelers Insurance Company, however, listed the date of loss as July 28, 2000.

On July 24, 2002, over two years after the collision, Keyes filed suit against Caito Foods for damages arising out of the collision with Weber's vehicle. Caito Foods subsequently filed a motion for summary judgment, alleging that Keyes' suit was barred by the statute of limitations. Keyes filed a response to Caito Foods' motion for summary judgment, arguing that Caito Foods was equitably estopped from asserting the statute of limitations defense because Caito Foods and its insurers listed July 28, 2000 as the date of loss on its correspondence regarding the collision. The trial court agreed with Keyes and denied Caito Foods' motion for summary judgment, finding that the doctrine of equitable estoppel applied in this case. Caito Foods now appeals.

*Discussion and Decision*

Caito Foods contends the trial court improperly denied its motion for summary judgment when it found Caito Foods was equitably estopped from asserting the statute of limitations defense. We agree.

I. Standard of Review

When determining the propriety of summary judgment, we use the same standard as the trial court. *Burns v. Hatchett*, 786 N.E.2d 1178, 1180 (Ind.Ct.App.2003). We construe all facts and reasonable inferences to be drawn therefrom in favor of the non-movant. *Id.* When there is no genuine issue of material fact and the non-moving party is entitled to judgment as a matter of law, summary judgment is appropriate. *Id.* Where, as here, the material facts are essentially undisputed, our task is to determine whether the trial court properly applied the law to the facts. *Id.*

1. Caito Foods' motion for oral argument is    hereby denied.

## II. Equitable Estoppel

An action for injury to personal property must be commenced within two years after the cause of action accrues. Ind.Code § 34–11–2–4. A plaintiff can, however, raise the doctrine of equitable estoppel to bar a defendant from asserting the statute of limitations defense when the defendant, through its representations or course of conduct, "knowingly misleads or induces another party to believe and act upon his conduct in good faith and *without knowledge of the facts.*" *Wabash Grain, Inc. v. Smith,* 700 N.E.2d 234, 237 (Ind.Ct. App.1998), *trans. denied* (emphasis added). The elements of equitable estoppel include the following: 1) a representation or concealment of a material fact; 2) made by a party with knowledge of the fact and with the intention that the other party act upon it; 3) *to a party ignorant of the fact;* and 4) which induces the other party to rely or act upon the fact to his detriment. *Id.* (emphasis added).

Keyes fails to satisfy all of the elements of the doctrine of equitable estoppel. While both parties focused on the element of concealment, Keyes has failed to establish that he was without knowledge or reasonable means of knowing the true date of the collision. Keyes was actually involved in the collision and should have known the date on which the collision occurred. Additionally, Indiana State Trooper Scott Andrews investigated the collision that day and likely prepared a report concerning the accident, which would include the date of the collision. Keyes should have received a copy of the accident report or requested a copy from the Indiana State Police. Finally, Keyes received a copy of the estimate of damages prepared by an inspector for Travelers Insurance Company, which listed the date of the collision as July 10, 2000. In fact, the date of the estimate itself was July 27, 2000, one day *before* July 28, 2000, the date upon which Keyes allegedly relied on as the date of collision. Therefore, Keyes was not a party ignorant of the fact that the actual date of the collision was July 10, 2000, and cannot now rely upon the doctrine of equitable estoppel to bar Caito Foods' statute of limitations defense.

The collision occurred on July 10, 2000, but Keyes did not file his complaint against Caito Foods until July 24, 2002, fourteen days after the two-year statute of limitations period had run. Thus, Caito Foods is entitled to summary judgment as a matter of law.

### Conclusion

In holding that Caito Foods is not barred from asserting the statute of limitations defense, we reverse the trial court's denial of summary judgment for Caito Foods and remand this case to the trial court with instructions to grant summary judgment in favor of Caito Foods.

Reversed and remanded with instructions.

NAJAM, J., and MATHIAS, J., concur.