Dustan SLADE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 38A02–1007–CR–875.

Court of Appeals of Indiana.

Feb. 7, 2011.

Transfer Denied March 30, 2011.

Mark Small, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Andrew Falk, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Dustan Slade appeals from the sentence imposed following his guilty plea to Class A felony Dealing in Cocaine.[1] We affirm.

### FACTS AND PROCEDURAL HISTORY

On April 5, 2010, the State charged Slade with Class A felony dealing in cocaine, Class A felony cocaine possession, and Class D felony maintaining a common nuisance and filed a notice of its intent to seek an enhanced sentence for the dealing in cocaine charge due to the use of a firearm pursuant to Indiana Code section

1. Ind.Code § 35–48–4–1 (2009).

35–50–2–13 (2009). On June 21, Slade pled guilty to Class A felony dealing in cocaine pursuant to a plea agreement that, *inter alia,* provided that the State would dismiss all other charges and the firearm sentence enhancement in exchange for Slade's guilty plea and that his sentence would be thirty years, the executed portion of which would be up to the trial court's discretion. On July 15, 2010, the State filed a pre-sentence investigation report ("PSI"), to which the probable cause affidavit was attached. The affidavit detailed, *inter alia,* that Slade admitted that a handgun found in his bedroom the night he was arrested belonged to him.

On July 22, 2010, a sentencing hearing was held. At the outset of the hearing, the trial court admitted the PSI, and Slade's trial counsel agreed that the PSI required no additions or corrections and made no objection to its admission. Slade was sentenced to thirty years of incarceration with twenty executed. At sentencing, the trial court noted that Slade was required to execute at least twenty years of his sentence because it found that he possessed a firearm during the commission of the crime.

## DISCUSSION AND DECISION

### I. Whether the Record was Sufficient to Permit a Finding that Slade Possessed a Firearm

 Although Slade does not raise the issue and never disputes that he possessed a firearm when he committed dealing in cocaine, we nevertheless feel that we must address as an initial matter the question of whether the record is sufficient to permit the trial court to make a finding to that effect. Indiana Code section 35–50–2–2 (2009) provides, in part, that the trial court may only suspend that part of the sentence above the minimum if a defendant is convicted of dealing in cocaine and "if the court finds the person possessed a firearm . . . at the time of the offense[.]" Our review is somewhat inhibited because the record on appeal does not contain a transcript of the guilty plea hearing, which we assume would have contained the factual basis for the guilty plea. Moreover, none of the sworn testimony at the sentencing hearing tends to prove firearm possession.

We nonetheless conclude that the record is sufficient to sustain a firearm possession finding. At the sentencing hearing, the trial court admitted into evidence the PSI, which, as previously mentioned, contained the probable cause affidavit and which Slade agreed was complete and accurate. The probable cause affidavit details how Slade admitted to police that he possessed a handgun while dealing in cocaine. This admission is sufficient to sustain the trial court's finding that Slade possessed a firearm when he committed dealing in cocaine as a Class A felony.[2]

### II. Whether the Trial Court Erred in Sentencing Slade

 As previously mentioned, Slade does not dispute that he possessed a firearm when he committed Class A felony dealing in cocaine. He contends, however, that the trial court erroneously concluded that his sentence was non-suspendible below twenty years when the State dismissed its firearm sentence enhancement allegation pursuant to the written plea agree-

---

**2.** Indiana Code section 35–38–1–8(a) (2009) provides that, as a general rule, "a defendant convicted of a felony may not be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court." There is no requirement, however, that the sentencing court admit the PSI into evidence. We leave for another day the question of whether material contained in the PSI would have been sufficient to sustain the trial court's firearm possession finding had it not admitted the PSI into evidence.

ment. Slade contends that the State should have been judicially estopped from arguing that he was required to execute a minimum of twenty years of his sentence because that position is allegedly inconsistent with dropping the firearm sentence enhancement allegation. "[J]udicial estoppel prevents a party from asserting a position in a legal proceeding inconsistent with one previously asserted." *Wabash Grain, Inc. v. Smith,* 700 N.E.2d 234, 237 (Ind.Ct. App.1998), *trans. denied.*

Judicial estoppel is not intended to eliminate all inconsistencies; rather, it is designed to prevent litigants from playing "fast and loose" with the courts. [*Ryan Operations G.P. v. Santiam–Midwest Lumber Co.,* 81 F.3d 355, 358 (3rd Cir.1996).] The primary purpose of judicial estoppel is not to protect litigants but to protect the integrity of the judiciary. *Johnson v. Trust Co. Bank,* 223 Ga.App. 650, 478 S.E.2d 629, 630 (1996), *cert. denied.*

The basic principle of judicial estoppel is that, absent a good explanation, a party should not be permitted to gain an advantage by litigating on one theory and then pursue an incompatible theory in subsequent litigation. *Id.* Judicial estoppel only applies to intentional misrepresentation, so the dispositive issue supporting the application of judicial estoppel is the bad-faith intent of the litigant subject to estoppel. *Burnes v. Pemco Aeroplex Inc.,* 291 F.3d 1282, 1286–87 (11th Cir.2002).

*Robson v. Texas E. Corp.,* 833 N.E.2d 461, 466 (Ind.Ct.App.2005), *trans. denied.*

For several reasons, we conclude that judicial estoppel does not apply here. First, there is no indication in the record that the State ever asserted that Slade's sentence was non-suspendible below twenty years due to his firearm possession. Second, even if the State *had* asserted that position, we fail to see how it is inconsistent with dismissing the firearm sentence enhancement allegation: a dismissal of the sentence enhancement allegation is not equivalent to an admission that Slade did not possess a firearm when he committed dealing in cocaine. Indiana Code sections 35–50–2–13 and 35–50–2–2 are two separate and independent provisions of Indiana's statutory sentencing scheme. Section 35–50–2–2 precludes suspension of a sentence below the minimum sentence when the court finds that a crime was committed while using a gun and does not require a separate hearing. Section 35–50–2–13 allows for an increase in the maximum available sentence in situations where the prosecutor files a separate notice of intent to seek enhancement and a hearing is held by the judge after verdict on the underlying charge. Quite simply, the two sections operate independently of each other. Finally, there is absolutely no indication that the State played "fast and loose" with the trial court or made any misrepresentations, intentional or otherwise. We conclude that the doctrine of equitable estoppel will not help Slade here.[3] The trial court did not err in sentencing Slade.

We affirm the judgment of the trial court.

KIRSCH, J., and CRONE, J., concur.

---

**3.** Slade also contends that his sentence violates constitutional prohibitions against double jeopardy and requests that we revisit the Indiana Supreme Court's holding that a person waives any double jeopardy challenge he might have otherwise had when he pleads guilty. *See Mapp v. State,* 770 N.E.2d 332, 334–35 (Ind.2002). We decline this invitation.