**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL D. ENGLISH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1306-CR-322 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1104-FC-42

**February 14, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Michael English appeals his sentence for one count of Class D felony trespassing and one count of Class A misdemeanor possession of marijuana. We affirm.

## Issue

English raises one issue, which we restate as whether his sentence is inappropriate under Indiana Appellate Rule 7(B).[1]

## Facts

On the morning of March 30, 2011, Gary Police Department officers were dispatched to Riley School. The school was vacant and no longer in use but it had been locked and secured, and no one had permission to enter it. Upon arriving at the school, officers noticed that a window at the rear of the building had been broken out, and they could hear banging sounds coming from inside. Inside the building, officers found English, Lorenzo Blakely, and Jeremy Calo together in a room. Calo was smashing a computer monitor with an ax, while English and Blakely were standing near some tools, including screwdrivers, wrenches, hammers, and a flashlight. Several other computer monitors in the room had also been damaged. Officers placed English, Blakely, and Calo under arrest. A search incident to arrest revealed that English was in possession of marijuana.[2]

---

[1] English's attorney refers in his brief to the "manifestly unreasonable" standard of review for sentences under Indiana Appellate Rule 17(B). The "manifestly unreasonable" standard for reviewing sentences and Appellate Rule 17(B) were replaced eleven years ago with the "inappropriate" standard under Appellate Rule 7(B). We urge counsel to be more careful in the future in preparing briefs to this court.

[2] The factual basis for English's guilty plea was very sparse and did not include these details of the offenses, which come from the probable cause affidavit. We relied upon the probable cause affidavit to provide these additional details because it was attached to the presentence report as an exhibit that described the

2

The State charged English with Class C felony burglary, Class D felony trespassing, and Class A misdemeanor possession of marijuana. English agreed to plead guilty to Class D felony trespassing and Class A misdemeanor possession of marijuana, and the State agreed to dismiss the burglary charge. Sentencing was left to the trial court's discretion. At the sentencing hearing, English attempted to argue that he thought he had permission to enter Riley School because he was interested in possibly purchasing the property from the Gary School Corporation through a middleman. The trial court imposed a sentence of twenty-eight months for the trespassing conviction and one year for the marijuana conviction, to be served concurrently. English now appeals.

## Analysis

We will assess whether English's sentence is inappropriate under Appellate Rule 7(B) in light of his character and the nature of the offense. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case."

---

circumstances of English's offenses, and English did not object to the presentence report or state that it had any errors. See Slade v. State, 942 N.E.2d 115, 117 (Ind. Ct. App. 2011), trans. denied.

3

<u>Cardwell v. State</u>, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." <u>Id.</u> Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. <u>Id.</u> at 1224.

At the outset, we observe that English focuses his sentencing argument exclusively upon the sentence he received for Class D felony trespassing.[3] English received an aggregate sentence that is ten months longer than the advisory and eight months less than the maximum for a Class D felony. <u>See</u> Ind. Code § 35-50-2-7. However, this aggregate sentence also reflects the concurrent one-year sentence English received for Class A misdemeanor possession of marijuana. English improperly ignores his conviction and sentence for possession of marijuana in arguing that his sentence is excessive.

Regarding the nature of the offense, English entered a vacant school without permission, accompanied by someone who was smashing computers inside the building. English attempted to minimize his culpability for this offense at the sentencing hearing with an explanation that he was interested in purchasing the building and thought he had permission to be inside of it. The State objected to this explanation because English had never before attempted to argue or present any evidence that he was attempting to purchase the building; no documentation was entered into evidence to support such a claim.

---

[3] Trespassing is ordinarily a Class A misdemeanor, but is elevated to a Class D felony when it is committed on school property. <u>See</u> Ind. Code § 35-43-2-2(a).

Moreoever, the evidence indicates that English and his cohorts had to force their way into the building and proceeded to destroy property once they were inside. English's purported explanation for why he was in the building is dubious, to say the least, in light of this evidence. English also was in possession of marijuana at the time of the break-in, despite having repeated legal difficulties in the past related to that drug.

On that point, related to English's character, he has an extensive criminal history. He has a 2000 federal felony conviction for distribution of marijuana and twice had his supervised release for that offense revoked. In Indiana, he has a 2005 conviction for Class A misdemeanor possession of marijuana and had his probation revoked for that offense. He has 2010 convictions for Class D felony possession of marijuana and Class C misdemeanor operating a vehicle with a controlled substance in his blood, and he violated his probation for those offenses twice based upon testing positive for marijuana. He also has a 2006 conviction for Class C misdemeanor operating a vehicle without having ever received a license and a 2011 conviction for Class A misdemeanor driving while suspended. In addition to his multiple convictions and probation revocations related to marijuana, he stated to the probation officer preparing the presentence report that he began smoking marijuana at age eight and often smoked it "all day, everyday," although he had recently decreased his usage to "two to three blunts per day." App. p. 67. Thus, apart from his formal convictions, English disregarded the laws regarding marijuana on a regular and ongoing basis, which reflects very poorly upon his character. See Roney v. State, 872 N.E.2d 192, 207 (Ind. Ct. App. 2007), abrogated on other grounds by Bethea v. State, 983 N.E.2d 1134 (Ind. 2013). Also, although English claimed at the sentencing hearing (which

5

occurred a few months after preparation of the presentence report) that he had recently quit smoking marijuana, there is no need to accept this claim at face value, given English's long history with the drug.

It is true that English pled guilty, which normally weighs in a defendant's favor in sentencing. See Anglemyer v. State, 875 N.E.2d 218, 220 (Ind. 2007). That weight is considerably lessened, however, when the defendant receives a substantial benefit in exchange for the plea. Id. at 221. Here, not only did the State agree to dismiss the Class C felony burglary charge in the instant case in exchange for his plea, it also agreed to dismiss a pending charge for Class C felony dealing in marijuana under a different cause number. English received a significant benefit in exchange for his plea.

English also contends his sentence will work a hardship upon his three children, for whom he claims to pay $11,000 per year in child support. English claimed in the presentence report to earn anywhere from $5000 to $30,000 per month from self-employment, ranging from breeding and selling dogs, selling chickens and fish from a farm, scrapping metal, and renting out property. There is no documentary or corroborating evidence for English's claimed sources of income or that he pays $11,000 per year in child support.

In any event, hardship to one's children is not a reason for reducing a sentence unless there are clearly "special circumstances" that would make the hardship worse than that suffered by any child whose parent is incarcerated. See Roney, 872 N.E.2d at 204-05. We see no such "special circumstances" here. Instead, in light of English's extensive criminal

history and the fact that he committed two offenses in the present case, we cannot say that an aggregate sentence of twenty-eight months is inappropriate.

## Conclusion

English's aggregate sentence of twenty-eight months is not inappropriate. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.